OPINION
{¶ 1} Relator-appellant, Carol Torres, appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of respondent-appellee, State Teachers Retirement Board of Ohio ("STRB"), in this action seeking disability retirement benefits. For the reasons stated below, we reverse.
 {¶ 2} In May 1994, appellant was an elementary school teacher in the Toledo area when a fire occurred at her school. After the fire was extinguished, appellant was permitted to enter her classroom to collect belongings. Immediately afterward, appellant began to experience difficulty breathing, rhinitis, and burning in her eyes and throat. The severity of her symptoms persisted despite her having left the building. The symptoms worsened upon her attempt to return to the classroom two weeks later, and appellant has been unable to return to work since that time.
 {¶ 3} In January 1996, after having sought medical assistance and attempting various treatments without significant improvement, appellant filed an application for disability retirement with the State Teachers Retirement System of Ohio ("STRS"), of which appellant is a member. In support of her application, appellant submitted a letter from her treating physician, Jonathan Bernstein, M.D., indicating that appellant was suffering from Reactive Airways Dysfunction Syndrome ("RADS") which had persisted despite treatment and medication, and which resulted in her incapacitation. Appellant also submitted a report from Nasir Ali, M.D., who examined her in relation to her workers' compensation claim, concluding that appellant's symptoms had caused her to be permanently disabled from teaching.
 {¶ 4} In response to her application, STRS appointed Roy L. Donnerberg, M.D., as its examining physician. After a brief office visit and review of appellant's history, Dr. Donnerberg recommended that disability be denied, opining that appellant should be "encouraged to work" because her diagnosis was genetically-determined respiratory tract allergies which would be amenable to medication. The matter was then referred to the medical review board for STRB which consisted of three physicians who reviewed the medical documents in the file. All three of these physicians followed Dr. Donnerberg's recommendation and urged the denial of disability retirement based upon their conclusion that appellant's primary complaint was respiratory tract allergies which were not incapacitating. STRB thus voted to deny appellant's application for disability retirement.
 {¶ 5} Appellant's physician, Dr. Bernstein, followed with a letter refuting the board's conclusions and Dr. Donnerberg's analysis, and restating his belief that appellant suffers from RADS:
* * * The criteria that Ms. Torres fulfills for reactive airways dysfunction syndrome is as follows: 1) no history of preexisting asthma. Her reported history of upper airway allergies as a child is not supported by negative skin testing to common seasonal and perennial aeroallergens. She does have nasal symptoms consistent with nonallergic rhinitis which do not increase her risk for the development of bronchial hyperresponsiveness; 2) large exposure to an irritating substance. In Ms. Torres' case, it was fumes/smoke from the fire in the school gym which resulted in her chronic respiratory symptoms; 3) nonspecific bronchial hyperresponsiveness to a variety of different irritants; 4) absence of a latency period until the onset of her symptoms. Ms. Torres' symptoms began immediately after her exposure to these fumes; 5) a positive methacholine challenge test. Ms. Torres' problem to date is that she has been unable to work in an environment where she would be exposed to irritants. As it is virtually impossible to identify an irritant-free work environment, I feel that Ms. Torres qualifies for retirement and disability based on her history, symptoms and supportive diagnostic testing.
 {¶ 6} In 1997, in response to appellant's appeal of STRB's denial of disability retirement, appellant was evaluated by a physician chosen by STRS, Dr. James Allen. Dr. Allen opined that, although appellant fit the clinical diagnosis of RADS based upon her history and upon a positive methacholine challenge test, a definitive diagnosis of RADS must rely upon the exclusion of two other conditions which can cause similar symptoms: vocal cord dysfunction and bronchiolitis obliterans. According to Dr. Allen:
Paradoxical vocal cord dysfunction is a very common entity which clinically mimics asthma. The distinguishing factors between vocal cord dysfunction and reactive airways disease are that patients with vocal cord dysfunction may have wheezing, cough and dyspnea, but they generally do not respond to bronchodilators and anti-inflammatory agents. It can only be diagnosed by videolaryngostroboscopy from an experienced otolaryngologist or speech pathologist. It should be carefully noted that the abnormal Methacholine challenge test does indicate reactive airways and would not be expected to be seen with vocal cord dysfunction. However, reactive airways disease and vocal cord dysfunction very frequently co-exist, and in this situation, it can be very difficult to distinguish which symptoms are due to vocal cord dysfunction and which are due to reactive airways disease at any given time. This is an especially important diagnosis to make since it has a higher prevalence amongst patients with medication unresponsive reactive airways disease and because it can be readily treated with speech therapy.
* * *
In order to fully exclude vocal cord dysfunction as a contribution to Mrs. Torres' impairment, I would recommend that she undergo videolaryngostroboscopy. * * *
* * *
* * * In order to document objective evidence of impairment in the work place, one option would be to have her return to the work place with a qualified occupational hygienist or respiratory therapist and have serial peak expiratory flow rates and serial portable spirometry measured to document that her symptoms are in fact accompanied by objective evidence of reactive airways disease * * *.
 {¶ 7} Based upon this recommendation, appellant submitted to pulmonary function testing by a respiratory therapist at appellant's school. Upon review of the test results, in which the respiratory therapist noted appellant experienced increased shortness of breath, flushing, and an alarming decrease of pulmonary function, Dr. Allen stated that, although appellant's severe respiratory symptoms during the testing were alarming to the respiratory therapist, "[t]hese results indicate conclusively that when Mrs. Torres develops her usual `asthma-like' symptoms, that there is no evidence of asthma or bronchospasm. I believe that it is more likely that she has vocal cord dysfunction and would recommend that this be evaluated by a competent speech pathologist who has experience in vocal cord dysfunction evaluation. I know of no precedent for disability due to vocal cord dysfunction but it is sometimes amenable to a combination of speech therapy and psychologic counseling. Unfortunately, many patients with a great deal of secondary gain are quite refractory to treatment for vocal cord dysfunction." Dr. Allen thus recommended that appellant should not be granted disability retirement.
 {¶ 8} In February 1999, the STRS medical board again reviewed appellant's file, and board members concluded that, although appellant did have RADS, her prominent disabling condition is probably vocal cord dysfunction; that appellant was not permanently incapacitated on the basis of RADS but, instead, that she has vocal cord dysfunction which has never been treated, and that she should not be medically retired. On April 16, 1999, STRB voted to uphold its previous decision denying her application for disability benefits. In its decision, the board noted:
Ms. Torres experienced distress during the testing conducted in the school setting, however, the test results indicated this resulted from limited intake of air, not difficulty exhaling the last breath. Thus, the difficulty she experienced would not result from an asthmatic process or RADS. The STRS Ohio examiner and reviewers report that the difficulty she encountered is most likely the result of vocal cord dysfunction, where essentially what happens is that the vocal cords get in the way of the breath being inhaled. It appears that the distress perceived by an individual experiencing this dysfunction is quite acute, but it is regarded as not at all serious medically. This is because the worst case is that the person could pass out — and would thereupon immediately resume normal breathing. A person experiencing this problem can be taught breathing and relaxation techniques to avoid it, usually with only several weeks of treatment or speech therapy.
 {¶ 9} Appellant filed a complaint in mandamus in the common pleas court, alleging that STRB abused its discretion in rendering a decision which was unreasonable, arbitrary and capricious, and that the board failed to comply with Ohio Adm. Code 3307-1-15(C). Both parties followed with motions for summary judgment, and the trial court denied appellant's motion for summary judgment and granted STRB's motion for summary judgment. In its decision supporting the granting of summary judgment in favor of STRB, the court concluded:
STRB thoroughly explained the reasons for its decision, even though it did not have to do so. STRB agrees with Ms. Torres' claim that she suffers from RADS. However, STRB also found that RADS is not the condition that causes Ms.Torres to have difficulty in the classroom. STRB found that vocal cord dysfunction causes the difficulty that Ms. Torres suffers, and that it can be treated successfully in a few weeks. The fact that physicians disagree over the cause of Ms. Torres' difficulties does not mean that STRB abuses its discretion by denying a claimant benefits.
There is evidence in the record that would permit STRB to make the finding that it made. There is no evidence in the record that STRB acted in an unreasonable, arbitrary or unconscionable manner in reaching that decision. To obtain the relief she seeks from this court, Ms. Torres must demonstrate that STRB abused its discretion, and there is no evidence that it did so. Accordingly, her petition for a writ of mandamus must be overruled.
 {¶ 10} Appellant now assigns the following assignments of error:
1. The Retirement Board abused its discretion and acted in an unreasonable, arbitrary or unconscionable manner when it denied Torres' Application for Disability Retirement in April 1999 even though Torres had not been able to teach since May 1994 due to a disabling condition which had lasted more than twelve months.
2. The Retirement Board abused its discretion and acted in an unreasonable, arbitrary or unconscionable manner in failing to follow Ohio Administrative Code § 3307-1-15(C) when it failed to delay Torres' claim for disability retirement in order to give her time to make an appropriate effort to correct her disabling condition through medical treatment since she had never been diagnosed with vocal cord dysfunction.[1]
 {¶ 11} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 13} The procedures for determining retirement disability are outlined in R.C. 3307.62, formerly R.C. 3307.42, which provides:
(C) Medical examination of the member shall be conducted by a competent, disinterested physician or physicians selected by the board to determine whether the member is mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application. The disability must have occurred since last becoming a member, or it must have increased since last becoming a member to such an extent as to make the disability permanent or presumably permanent for twelve continuous months following the filing of an application.
* * *
(E) If the physician or physicians determine that the member qualifies for a disability benefit, the board concurs with the determination, and the member agrees to medical treatment as specified in division (G) of this section, the member shall receive a disability benefit under section3307.63 or 3307.631 of the Revised Code. If such physician or physicians determine that the member does not qualify for a disability benefit, the report of the examiner or examiners shall be evaluated by a board of medical review composed of three physicians appointed by the retirement board.
(F) The state teachers retirement board shall render an order determining whether or not the applicant shall be granted a disability benefit. Notification to the applicant shall be issued, and upon the request of an applicant who is denied a disability benefit, a hearing or appeal relative to such order shall be conducted in accordance with procedures established by the retirement board.
 {¶ 14} Although STRB has no clear legal duty cognizable in mandamus to specify or explain the evidence it relied upon or its rationale for granting or denying an application for disability, where STRB presents its reasoning and evidence, its written decision is reviewable in mandamus to determine whether STRB has abused its discretion. State ex rel. Bruce v. State Teachers Retirement Bd. of Ohio, 153 Ohio App.3d 589, 2003-Ohio-4181, distinguishing State ex rel. Pipoly v. State Teachers Retirement Sys., 95 Ohio St.3d 327,2002-Ohio-2219.
 {¶ 15} In the case at bar, STRB concluded that appellant suffers from vocal cord dysfunction, a temporary condition which, once treated, would allow appellant to return to work. Thus, STRB rejected appellant's disability retirement application on the basis that she did not demonstrate that she suffers from a permanent or presumably permanent disability. This conclusion was reached despite the fact that appellant had never been tested for vocal cord dysfunction, despite Dr. Allen's statements that appellant simultaneously may be suffering from RADS, and despite STRB's recognition that, regardless of the cause, appellant had not worked as a teacher since 1994. STRB reaches the further conclusion that, in a worst case scenario, appellant's condition would cause her to pass out in the classroom but that she would quickly revive.
 {¶ 16} Several factors render these conclusions arbitrary, unreasonable and unconscionable. First, absent a definitive diagnosis by any physician connected with this case, a diagnosis which the board's own expert, Dr. Allen, states could only be made through the use of videolaryngostroboscopy, STRB's conclusion that appellant suffers from vocal cord dysfunction was, at best, premature. In addition, even if appellant does suffer from vocal cord dysfunction, Dr. Allen admitted she also may have RADS, based upon the results of her methacholine challenge test. Finally, the board's finding that in the worst case appellant would only faint in the classroom and quickly regain consciousness appears to contradict its conclusion she is not disabled. R.C. 3307.62 allows disability retirement benefits where it is determined that the applicant is "mentally or physically incapacitated for the performance of duty by a disabling condition, either permanent or presumed to be permanent for twelve continuous months following the filing of an application." STRB cannot reasonably expect a teacher to be able to perform her job duties where she may be prone to passing out, regardless of how many seconds or minutes pass before she regains consciousness. This conclusion is arbitrary, unreasonable and unconscionable, and tends to support appellant's claim that she is disabled.
 {¶ 17} Based upon these considerations, the trial court's conclusion that STRB's decision was not an abuse of discretion was in error, and we sustain appellant's first assignment of error.
 {¶ 18} By her second assignment of error, appellant charges that STRB should at least have delayed her claim to allow her to seek treatment for vocal cord dysfunction if the board, in fact, believed that to have been the correct diagnosis. Ohio Adm. Code 3307-01-15(C) provides, in part:
If the Medical Review Board concludes from the report of the examining physician that an applicant has not made an appropriate effort to correct the disabling condition through medical treatment or mechanical devices, the applicant's claim for disability retirement shall be delayed provided:
(1) Medical treatment * * * offer[s] an expectation of correction or rehabilitation of a disabling condition (to the extent that the applicant may anticipate performing duties regularly required of a teacher) within a reasonable time, but not to exceed six months.
(2) Medical treatment or mechanical devices are of wide acceptance and readily available.
(3) Medical treatment or mechanical devices, as required by paragraph (C) of this rule, shall not include surgery or shock treatment.
 {¶ 19} It is apparent from the record in this case that a definitive diagnosis of vocal cord dysfunction was never made, and that, even though STRB denied disability on the basis that appellant had a treatable condition, STRB did not comply with Ohio Adm. Code 3307-01-15(C) in delaying appellant's claim for disability benefits while appellant sought treatment, if in fact a definitive diagnosis of vocal cord dysfunction were reached. Therefore, we sustain appellant's second assignment of error.
 {¶ 20} Having sustained appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded with instructions to remand the matter to the State Teachers Retirement Board of Ohio to allow appellant to be diagnosed and, if necessary, treated for vocal cord dysfunction prior to ruling on her application in accordance with Ohio Adm. Code 3307-01-15(C).
Judgment reversed and cause remanded with instructions.
BROWN and KLATT, JJ., concur.
[1] Appellant's assignments of error are couched in terms of perceived errors by STRB; however, this is an appeal from the granting of summary judgment by the trial court. We will interpret appellant's assignments of error as charging the trial court abused its discretion in granting summary judgment in favor of STRB on the basis that STRB's denial of disability retirement was an abuse of discretion.