[Cite as *Poynter v. Pabst*, 2013-Ohio-5671.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| RYAN T. POYNTER, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-03-032 |
| | : | O P I N I O N |
| - vs - | | 12/23/2013 |
| | : | |
| JULIE C. PABST f.k.a. Poynter, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 06070844


Conese Law Office, Mark A. Conese, Gerald M. Wirsch, 26 South Third Street, Hamilton, Ohio 45011, for plaintiff-appellee

Joseph R. Matejkovic, 8050 Beckett Center Drive, Suite 214, West Chester, Ohio 45069, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Julie Pabst f.k.a. Poynter (Mother), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding her in contempt and ordering her to pay attorney fees.

{¶ 2} Mother and plaintiff-appellee, Ryan Poynter (Father), divorced in September 2007 after being married for several years and having two children. At the time of their

divorce, Mother and Father shared parental rights and responsibilities of the children until Father received sole custody. Approximately four years after Father was awarded custody, Mother filed an emergency ex parte motion for custody, alleging that the children were subject to abuse and neglect while in Father's care partly because of his new wife. Mother was awarded emergency custody, and a full hearing was scheduled.

{¶ 3} A magistrate held a full hearing on the issue, and terminated emergency custody. Father's sole custody was reinstated and Mother filed objections to the magistrate's decision. While Mother's objections were pending, Father was awarded visitation with the children. Mother permitted visitation between Father and the younger daughter, but did not permit visitation between Father and the older daughter, who had been diagnosed with depression, anxiety, and post-traumatic stress disorder for which she receives medication. Mother objected to visitation between her elder daughter and Father because she believed the older daughter had a "significant negative reaction" to the decision requiring her to return to Father's home, and because Mother was concerned for her daughter's health and safety.

{¶ 4} In response to Mother's refusal to facilitate visitation between Father and the older daughter, Father filed a contempt motion. Father also argued that Mother was in contempt of the court's order because while the motions were pending, Mother moved without first informing the court of her plans to relocate. Mother argued that she was not in contempt because an emergency had occurred that forced her to move into a new home, and that she did not facilitate visitation between Father and the older child because of the older child's mental condition.

{¶ 5} While Father's contempt motions were pending, the trial court sustained Mother's objections to the magistrate's decision that terminated her custody of the children. The trial court then ordered that Mother retain custody of the children, and the other pending issues raised by Father were set for a magistrate's hearing. After the hearing, the magistrate

found Mother in contempt for not facilitating Father's parenting time, and for moving without first notifying the court of her relocation. The magistrate also ordered supervised parenting time between Father and the older child. The magistrate ordered Mother to pay Father's attorney fees, and ordered Father to submit a fee statement.

{¶ 6} After a hearing on the fee issue, the magistrate ordered Mother to pay Father $1,230 in attorney fees, and Mother objected to the magistrate's ruling. The trial court overruled Mother's objections and adopted the magistrate's decision, and also gave Mother an opportunity to purge her contempt. Mother now appeals the trial court's decision, raising the following assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT WHEN IT FOUND HER IN CONTEMPT.

{¶ 9} Mother argues in her first assignment of error that the trial court erred in finding her in contempt for denying visitation between the older daughter and Father and for relocating without first giving the court 30 days' notice as required by the local rules.

{¶ 10} A court may find a party in contempt where that party fails to comply with a lawful judgment or court order. *Marden v. Marden*, 108 Ohio App.3d 568, 570 (12th Dist.1996); R.C. 2705.02(A). To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, the offending party had knowledge of the order, and the offending party violated such order. *Sparks v. Sparks*, 12th Dist. Warren No. CA2010-10-096, 2011-Ohio-5746, ¶ 11. "A finding of contempt, however, does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Renner v. Renner*, 12th Dist. Clermont No. CA2013-06-042, 2013-Ohio-4644, ¶ 15, citing *Pugh v. Pugh*, 15 Ohio St.3d 136 (1984). Once the movant has established a prima facie case of contempt, the burden then shifts to the contemnor to prove his inability to

- 3 -

comply with the court order. *Keeley v. Keeley*, 12th Dist. Clermont No. CA97-02-013, 1997 WL 411607, *3 (July 21, 1997). The inability which excuses compliance must "be real and not self-imposed, nor due to fraud, sharp practices, or intentional avoidance." *Id.*

{¶ 11} This court will not reverse a trial court's ruling on a motion for contempt absent an abuse of discretion. *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 12, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10 (1981). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Cottrell* at ¶ 12.

{¶ 12} The trial court first found Mother in contempt because she moved without first providing the court and Father 30 days' notice. While Mother admitted that she knew she was required to provide such notice, she claims that she was not able to comply because she was forced to move quickly due to emergency circumstances. During the hearing, Mother testified that she was forced to leave her rental home because the basement flooded when it rained, and there was mold growing in her basement so that the move was necessary to protect her family's health. Mother also testified that she moved into the new home because the rent was $200 less than her previous home, and because her past landlord would not remediate the flooding and leaking issues.

{¶ 13} Mother also claimed that she moved into the new home without first providing notice because the new rental "was available right then with no deposit." However, the magistrate specifically found Mother's testimony "not credible regarding this issue." Instead, the trial court noted that Mother admitted during her testimony that she had to make several repairs to the rental house. Mother stated, "we had to fix up that house – to make it livable before we could move in right away." Mother then confirmed that she had to "do a little bit of

work on the new place" before she and her daughters could move in. Mother's testimony, therefore, demonstrates that Mother could have provided the court and Father notice of her intended move before it was made.

{¶ 14} The magistrate found that Mother produced no evidence that she was prevented from filing a timely notice of intent to relocate. This finding is supported by the record, where it is clear that Mother had time to file the notice before she moved out of her house into the new location. Even if Mother could not file a full 30 days before her move, Mother provided no reason to explain why she waited until 12 days *after* she moved to provide notice. Mother was unable to prove that her failure to file her notice of relocation was anything more than intentional avoidance of the issue, which cannot form the basis for a valid defense to contempt.

{¶ 15} Mother also argues the trial court's ruling was erroneous because she moved less than a mile from her previous home, and therefore, did not change the circumstances of her children. However, Ohio law does not take into consideration to what degree the contemnor disobeyed an order of the court, and instead focuses only upon whether a violation occurred. Despite the fact Mother moved a short distance away, neither the court nor Father was given the information of where the children were living or how they could be reached once they moved from their home to a new location. The contempt occurred once Mother disobeyed a known court order, and we will not find that the trial court abused its discretion based on Mother's argument that her clear violation of the court's order had minimal effect.

{¶ 16} Mother also argues the trial court erred in finding her in contempt for denying Father visitation with the older child. According to the trial court's entry granting Father visitation, Father was to have parenting time with the older child beginning on April 13, 2012. The entry specifically states, Mother "SHALL facilitate [Father's] parenting rights with BOTH

children." (Emphasis in original.) The record clearly indicates that Father was denied his visitation with the older child, thus constituting a violation of the order. Mother claims that she was unable to obey the court order due to the child's delicate mental state, and because when the child was informed that she would visit with Father, she became extremely upset, tense, depressed, ill, distraught, was shaking, and even made suicide threats.

{¶ 17} Mother testified that because of the child's reaction to the visitation order, the child spent two days at the Lindner Center of Hope, where she was evaluated and later released with referrals to a psychologist and nurse practitioner to monitor her medications. However, the record does not contain any evidence that Mother did anything to ease the child into visitation with Father or did anything to facilitate visitation as ordered by the trial court.

{¶ 18} The Lindner Center therapist who met with the child testified at the hearing, and stated that she suggested that the child not visit with Father immediately following the child's release from the center. However, the therapist then testified that she did not meet with Father regarding the parenting time issue, and had only met the child twice, and for a limited amount of time. The record indicates that Father and the child have not attended any counseling sessions together to discuss reinstituting visitation.

{¶ 19} The trial court, in overruling Mother's objections, also noted that the child has been experiencing mental health issues since she was five years old, and that she had exhibited similar symptoms (anxiety, stress, physical reactions) when she would visit with Mother when Father had custody. The trial court referenced repeated reports, evidence, and interviews suggesting that the child "feels she must bond with one parent to the exclusion of the other." Based upon the record, the trial court found Mother's actions constituted "affirmative steps to avoid the orders" of the court regarding Father's visitation rights. This

finding is supported by the record, and we do not find that the finding of contempt was an abuse of discretion.

{¶ 20} After reviewing the record, the trial court's decision finding Mother in contempt for moving without providing notice and not facilitating Father's visitation was not an abuse of discretion. Therefore, Mother's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/ APPELLANT WHEN IT ORDERED HER TO PAY PLAINTIFF/APPELLEE'S ATTORNEY'S FEES.

{¶ 23} Mother argues in her second assignment of error that the trial court erred in ordering her to pay Father's attorney fees.

{¶ 24} On September 28, 2012, the magistrate found Mother in contempt and gave Father 14 days to submit an invoice of his fees to Mother's counsel. The order further stated that Mother had 14 days to object to the amount of fees once submitted, and that if objections were filed, the matter would be set for a hearing before the magistrate. On October 12, 2012, Mother filed an objection to the magistrate's decision, and the hearing on the objection was scheduled for December 5, 2012.

{¶ 25} The magistrate scheduled a hearing on Father's motion for attorney fees for October 16, 2012, but neither Mother nor her counsel appeared at the hearing. The magistrate issued an entry chastising Mother's counsel for not attending or giving the court any indication that counsel had no intention of appearing. The magistrate then scheduled a hearing for December 26, 2012 regarding Father's request for attorney fees, and noted that Mother's still-pending objections to the magistrate's previous rulings did not preclude consideration of the fee request. Mother then filed objections to that entry and scheduling order, arguing that the magistrate could not award attorney fees until Mother's pending

objections to the magistrate's previous decision were ruled upon.

{¶ 26} At the hearing regarding attorney fees, Father testified that he engaged an attorney to represent him regarding the custody issues, including the motions for contempt. Father testified that his counsel's rate was $300 per hour, and that he agreed to pay that hourly rate for services rendered. Father also presented the testimony of another attorney, who testified that $300 per hour is a reasonable rate in the community, and that the amount Father was charged was "fair and reasonable under the circumstances of this case." However, Mother's counsel did not cross-examine either witness, and only restated Mother's objection to the magistrate proceeding with the hearing. The magistrate then issued a decision, ordering Mother to pay Father $1,230 in attorney fees. Mother objected to the magistrate's decision, and the trial court overruled the objection.

{¶ 27} On appeal, Mother argues the trial court erred as a matter of law in permitting the fee hearing to proceed while her objection to the magistrate's contempt decision was still pending, and that the trial court erred in awarding attorney fees because there was no proper evidence that Father's fees were reasonable. We disagree with both of Mother's arguments.

{¶ 28} According to Civ.R. 53(D)(4)(e)(i), "the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution *of the judgment* until the court disposes of those objections and vacates, modifies, or adheres *to the judgment previously entered.*" (Emphasis added.) Mother argues that the magistrate did not have the authority to hold a hearing on the reasonableness of Father's attorney fees because her objection to having been found in contempt was still pending and thus acted as an automatic stay of execution of the amount of fees Mother would have to pay. However, the magistrate's decision as to what amount of attorney fees Mother would be required to pay was merely attendant to the finding of contempt, and was a separate issue that could be determined by the magistrate while Mother's objection was pending. The determination regarding the

reasonableness of Father's fees and costs was a separate issue to the judgment previously entered regarding Mother's contempt and was not the judgment against which Mother filed her objections.

{¶ 29} Holding a hearing and determining the amount of fees in no way executed the magistrate's previous finding of contempt because "a magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). Therefore, the magistrate was permitted to hold the hearing in order to determine the amount of fees without actually executing its previous finding of contempt. This is especially true where the trial court specifically noted that it performed its own independent review of the issue and agreed that the hearing was properly held by the magistrate and that the fees were reasonable.

{¶ 30} Regarding the reasonableness of Father's fees, the record indicates that Mother did not object to any evidence offered at the hearing, and only proceeded with a general objection to the magistrate's authority to hold the hearing. Therefore, Mother has waived on appeal any objections to the evidence used by the magistrate and trial court to establish the amount of attorney fees. *Poneris v. A & L Painting, LLC,* 12th Dist. Butler Nos. CA2008-05-133, CA2008-06-139, 2009-Ohio-4128.

{¶ 31} Moreover, and as previously discussed, the trial court expressly noted that it performed an independent "de novo" review of the record and found Father's attorney fees to be reasonable, "especially given the record of this case." The trial court, which had previously noted its great familiarity with the ongoing details of the case, acted within its discretion by finding Father's fees and costs reasonable based upon its knowledge of the case and what work was performed by the attorney in question. *See Smith v. Smith*, 12th Dist. Butler No. CA2001-11-259, 2002-Ohio-5449, ¶ 18, citing *Babka v. Babka*, 83 Ohio App.3d 428, 435 (9th Dist.1992) (noting that "when the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific

evidence, is not an abuse of discretion"). The record is clear that the trial court used its own knowledge and experience in determining the necessity and reasonableness of attorney fees, which it has the discretion to do. *Smith* at ¶ 18, citing *Shaffer v. Shaffer*, 109 Ohio App.3d 205 (3d Dist.1996).

{¶ 32} After reviewing the record, the magistrate was permitted to hold a hearing regarding Father's attorney fees, and the trial court did not err in finding that Father's fees were reasonable. Therefore, Mother's second assignment of error is overruled.

{¶ 33} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.