[Cite as *DeMarco v. Pace*, 2019-Ohio-3727.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| SHARI DEMARCO, | : | **O P I N I O N** |
| Petitioner-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-G-0197** |
| SCOTTY HENRY PACE, JR., | : | |
| Respondent-Appellee. | : | |

Appeal from the Geauga County Court of Common Pleas, Case No. 2018 DV 000385.

Judgment: Affirmed.

*Scott S. Rosenthal*, Rosenthal Thurman, LLC, North Point Tower, 1001 Lakeside Avenue, E., Suite 1720, Cleveland, OH 44114 (For Petitioner-Appellant).

*Kevin L. Starrett*, Law Office of Kevin L. Starrett, 160 East Washington Street, P.O. Box 576, Chagrin Falls, OH 44022 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Shari DeMarco ("Ms. DeMarco"), appeals the February 6, 2019 judgment of the Geauga County Court of Common Pleas, which overruled her objections to the magistrate's decision that declined to proceed to a full hearing on the petition for a domestic violence civil protection order ("DVCPO") on behalf of her minor child ("J.P.") once the magistrate became aware of pending custody proceedings regarding the child before the Tennessee court that had originally allocated parental rights and responsibilities between the parties.

{¶2} Following the procedures set out in the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), pursuant to R.C. Chapter 3127, et seq., the magistrate consulted with the Tennessee court and counsel for both Ms. Demarco and her ex-husband, Scotty H. Pace, Jr. ("Mr. Pace"). The magistrate learned that after a hearing, the Tennessee court denied Ms. DeMarco's motion to transfer the custody matters to Ohio and ordered the case to remain in Tennessee. Thus, the magistrate determined the Geauga County Court of Common Pleas had only temporary emergency jurisdiction to issue orders protecting the child, which left only one course of action under the UCCJEA—a recommendation to the trial court made through a Civ. R. 53 magistrate's decision that it issue an interim order, pursuant to R.C. 3127.18(C). This order would and did extend the deadline for the expiration of the ex parte DVCPO regarding the child to permit Ms. DeMarco the opportunity to file a petition in the proper forum in Tennessee, where custody matters were already pending.

{¶3} Ms. DeMarco now appeals raising seven assignments of error. She argues the trial court abused its discretion: (1) by adopting the magistrate's decision pursuant to Civ.R. 53(D)(3) instead of Civ.R. 65.1; (2) by issuing an interim order that disposed of the ex parte CPO; (3) in finding that the extension of a March 6, 2019 deadline for the expiration of the CPO afforded Ms. DeMarco adequate time to obtain an order from Tennessee; (4) in failing to conduct a full CPO hearing in violation of Civ.R. 65.1 and R.C. 3113.31(D); (5) in finding that the court had temporary emergency jurisdiction only as to the ex parte order and not issuing a CPO after holding a full hearing; (6) in violating Ms. Demarco's right to due process by failing to hold a full hearing; and, lastly, (7) in finding Ms. DeMarco failed to disclose the pending child custody matter in Tennessee in her initial petition for a protection order.

2

{¶4}   After a thorough review of the record and pertinent law, we affirm the trial court's judgment.  We find that the magistrate's decision and recommendation, adopted by the trial court, and the ensuing interim orders giving Ms. DeMarco additional time on multiple occasions to file for the relief sought in Tennessee without proceeding to a final hearing of the DVCPO were both substantively and procedurally correct.

{¶5}   We agree with the trial court that pursuant to the UCCJEA, the court was statutorily divested of subject matter jurisdiction to proceed to a full CPO hearing that normally would have occurred pursuant to  R.C. 3113.31 and Civ.R. 65.1 had not the jurisdictional dispute arisen.  Therefore, we find the trial court did not err as a matter of law or abuse its discretion in finding it only had temporary emergency jurisdiction to extend the ex parte protection order for the child for an adequate amount of time to seek relief in the state with jurisdiction.  Ms. DeMarco's right to due process was not violated by the trial court's issuance of an interim order and final judgment on the magistrate's decision without conducting a full DVCPO hearing.  The trial court also did not err as a matter of law in determining the magistrate appropriately issued his decision on the jurisdictional question and recommendation for an interim order extending the temporary ex parte DVCPO order pursuant to Civ.R. 53 instead of Civ.R. 65.1.

{¶6}   Further, the trial court did not abuse its discretion in failing to grant Ms. DeMarco a third extension of the ex parte order, since she had already begun to seek the same relief in Tennessee when the order expired.

{¶7}   Lastly, the trial court did not abuse its discretion in adopting the magistrate's amended decision, which included additional factual findings indicating Ms. DeMarco failed to disclose the pending child custody matter in Tennessee in her attached list of present and pertinent past cases and failed to disclose what matters were pending

3

with any specificity in the Tennessee case in her parenting affidavit. Thus, we affirm the judgment of the Geauga County Court of Common Pleas.

**Substantive and Procedural History**

{¶8} Prior to divorcing Mr. Pace, Ms. DeMarco and their minor son, J.P., resided in Tennessee. When J.P. was only a few weeks old, Ms. DeMarco moved to Ohio to be with her family. The parties have struggled with the appropriate forum state in their divorce and custody matters since 2012, with Ms. DeMarco filing in Ohio and Mr. Pace filing in Tennessee.

{¶9} In 2013, the Geauga County Court of Common Pleas determined that Tennessee was the "home state" of the parties' minor child pursuant to the UCCJEA because J.P. had lived in Tennessee for at least six consecutive months immediately preceding the commencement of the child custody proceeding and Mr. Pace had filed his action for custody in the Fifth District of the Third Circuit Court for Davidson County, Tennessee (the "Tennessee court") before Ms. DeMarco filed for divorce and custody in the Geauga County Court of Common Pleas. Thus, the Geauga County Court of Common Pleas found that while it would determine the divorce action, the Tennessee court would determine all matters relating to parental rights and responsibilities. The Geauga County Court of Common Pleas granted the parties a divorce on February 19, 2013. In a judgment entered in June of 2014, the Tennessee court named Ms. DeMarco the residential parent and awarded Mr. Pace defined rights of contact and visitation with J.P.

{¶10} The parties have subsequently been embroiled in litigation over custody matters, both in Tennessee and in Ohio. Ms. DeMarco initiated the instant matter in Ohio when she filed a petition for a DVCPO pursuant to R.C. 3113.31 against Mr. Pace. Ms.

4

DeMarco alleged that Mr. Pace was physically abusing J.P. when he was with Mr. Pace in Tennessee. After an ex parte hearing held on the same day, the court issued a temporary ex parte order of protection, naming Ms. DeMarco and J.P. as the protected parties. The order suspended Mr. Pace's exercise of parenting time with J.P., and the matter was set for a full hearing on May 31, 2018.

{¶11} Mr. Pace's attorney appeared at the scheduled full hearing, contesting the court's personal jurisdiction over Mr. Pace and the court's subject matter jurisdiction in the action. The court granted Mr. Pace's motion for a continuance with the temporary ex parte DVCPO still in effect.

{¶12} On October 15, 2018, Mr. Pace filed a motion to dismiss and/or order Ms. DeMarco to refile her petition in Tennessee, arguing that pursuant to the UCCJEA, specifically R.C. 3127.18(C), the trial court lacked jurisdiction to proceed.

{¶13} Simultaneously, motions were being filed in the Tennessee custody case, and on September 7, 2018, the Tennessee court denied Ms. DeMarco's third motion to transfer jurisdiction to Ohio pursuant to Tennessee's UCCJEA, T.C.A. 36-2-21 et. seq.

{¶14} Mr. Pace supplemented his motion to dismiss/refile in the Geauga County Court of Common Pleas on November 2, 2018 with an order that the Tennessee court had issued on October 30, 2018. The Tennessee court found that Tennessee is not an inconvenient forum and will continue to be the forum for the remaining issues of the parties' custody case. The court did not find any changed circumstances from its original decisions in 2012 and 2016. Thus, the basis for the court's original rulings per T.C.A. 36-6-222(b)(2) had not changed, i.e., the distance between the courts (in Tennessee and Ohio) is not great, the financial circumstances of the parties have not changed since Ms. DeMarco continues to be in a better position to travel with less financial impact, and the

5

nature and location of the evidence is fairly equal. The Tennessee court further found that the ability of the court to decide issues expeditiously and to proceed as necessary to present the evidence as well as the familiarity of the forum with the litigation favored Tennessee as the appropriate forum.

{¶15} On December 18, 2018, the Geauga County Court of Common Pleas magistrate held a telephone conference between the parties' attorneys from both states as well as Judge Binkley from the Tennessee court. The magistrate stated that the immediate issue was to decide whether Ohio would retain jurisdiction of the domestic violence case that Ms. DeMarco had filed, which concerned the protection of J.P.

{¶16} Shortly thereafter, the magistrate issued a magistrate's decision and recommendation for an interim order pursuant to Civ.R. 53, finding that the court had only temporary emergency jurisdiction relating to the issuance of an order of protection with respect to J.P. and that Tennessee retained jurisdiction over custody issues. The magistrate extended the temporary ex parte DVCPO until February 4, 2019 to allow Ms. DeMarco to obtain relief from the Tennessee court. Mr. Pace's counsel brought to the attention of the court, via email, that paragraph four of the original decision may have misstated facts. After considering the statements and arguments of both parties' counsel in their email communications, the magistrate filed an amended decision that modified paragraph four and added two new paragraphs (five and six).

{¶17} The first addition clarified that Ms. DeMarco failed to include in her list of "present and pertinent past cases" the parties' pending child custody case in Tennessee. The second addition clarified that "Section 4 of the Parenting affidavit referr[ed] to a 'pending' 'custody/visitation' matter in the Tennessee Court" without any specificity as to the case number or more complete information as to what was "pending."

6

**{¶18}** Ms. DeMarco filed a motion to vacate the interim order and a motion to stay the interim order, as well as objections to the magistrate's decision. Ms. DeMarco argued that the interim order was improper because it relied on Civ.R. 53 and DVCPO orders are governed by Civ.R. 65.1.

**{¶19}** The court found that the magistrate correctly determined that the Tennessee proceedings deprived the court of subject matter jurisdiction and that the ex parte temporary DVCPO was properly extended to allow Ms. DeMarco time to file in Tennessee, pursuant to the UCCJEA. Further, the court found the magistrate's decision to cancel a full hearing as contemplated under Civ.R. 65.1 and instead issue a magistrate's decision and interim order recommendation order under Civ.R. 53 was appropriate. The court also determined that once jurisdiction was deferred, no further Civ.R. 65.1 proceedings could take place. Even if the magistrate incorrectly issued the order pursuant to Civ.R. 53, the court found it would be a harmless error per Civ.R. 61. The court dismissed Ms. DeMarco's argument that every petition for a DVCPO required a full hearing regardless of jurisdictional deficiencies. It determined this would require the court to ignore the requirements of the UCCJEA, and that while exigent circumstances might require the court to do that in some cases, those circumstances were not present in this case. The court observed Ms. DeMarco benefited from the extended length of the ex parte DVCPO order and that Ms. DeMarco was not deprived of due process by the magistrate's decision to forgo a full hearing since she simply had to pursue her remedies in the proper forum in accordance with the UCCJEA. In conclusion, the court overruled Ms. DeMarco's objections and extended the expiration deadline for the magistrate's ex parte temporary CPO until March 6, 2019.

7

{¶20} On March 5, Ms. DeMarco filed an emergency motion to stay the court's decision and to extend the ex parte temporary DVCPO on behalf of J.P. Ms. DeMarco had already filed a motion for supervised parenting time with the Tennessee court on January 18, 2019 but requested that the court extend the ex parte temporary DVCPO to allow her more time to take depositions for the witnesses who were located in Ohio. Mr. Pace filed a response to Ms. DeMarco's motions, arguing that Ms. DeMarco failed to timely seek or obtain a protection order in Tennessee to extend the terms of the Ohio court's ex parte DVCPO and that she failed to articulate an appropriate reason to stay the court's decision or extend the ex parte DVCPO any further.

{¶21} The court denied both of Ms. Demarco's motions on March 8. The court determined that the ongoing visitation dispute must be resolved by the Tennessee court and the fact that her desired relief has not occurred in Tennessee did not warrant the court's continuing involvement. On the same day, Ms. DeMarco filed her appeal in this court.

{¶22} Ms. DeMarco then filed an "Ex Parte Motion to Stay the Execution of Appealed Judgment" in this court on March 25, 2019. We overruled her motion for a stay, because the ex parte DVCPO terminated on March 6, 2019, before the motion for stay was filed in this court, and because Ms. DeMarco had already filed for relief in Tennessee.

{¶23} Ms. DeMarco now raises seven assignments of error on appeal:

{¶24} "[1.] The Trial Court Erred and Abused its Discretion in Issuing the Magistrate's Decision Pursuant to Civil Rule 53.

{¶25} "[2.] The Trial Court Erred and Abused its Discretion in Issuing an Interim Order which Disposed of the *Ex Parte* Civil Protection Order.

8

**{¶26}** "[3.] The Trial Court Erred and Abused its Discretion in Finding that March 6, 2019 Afforded Appellant Adequate Time to Obtain an Order from Tennessee.

**{¶27}** "[4.] The Trial Court Erred and Abused its Discretion in Dismissing the *Ex Parte* Order without Conducting a Full Hearing, in Violation of Civ. R. 65.1 and [R.C.] 3113.31(D).

**{¶28}** "[5.] The Trial Court Erred and Abused its discretion in finding that the Court had Temporary Emergency Jurisdiction only as to the *Ex Parte* Order, and not to Issue a CPO After a Full Hearing.

**{¶29}** "[6.] The Trial Court Erred and Abused its Discretion in Violating Appellant's Right to Due Process in Failing to Hold a Full Hearing.

**{¶30}** "[7.] The Trial Court Erred and Abused its Discretion in Finding That Appellant Failed to Disclose the Pending Custody Proceeding in Tennessee."

**Standard of Review**

**{¶31}** A reviewing court will not reverse a lower court's exercise of discretion in determining jurisdictional issues involved in an interstate custody or visitation dispute absent an abuse of discretion. *Ashburn v. Roth*, 12th Dist. Butler Nos. CA2006-03-054 & CA2006-03-070, 2007-Ohio-2995, ¶11, citing *Durgans v. Durgans*, 11th Dist. Portage No. 2000-P-0026, 2001 WL 114983, *3 (Feb. 9, 2001). *See also Martindale v. Martindale*, 4th Dist. Athens No. 14CA30, 2016-Ohio-524, ¶35 (clarifying that "[a]lthough a de novo standard of review is applied when determining the issue of the trial court's subject matter jurisdiction, once the subject matter jurisdiction is established, a trial court's decision as to whether to exercise its jurisdiction pursuant to the UCCJEA should only be reversed if the court committed an abuse of discretion"). An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the

record." *State v. Crytzer,* 11th Dist. Ashtabula No. 2018-A-0077, 2019-Ohio-2285, ¶24, quoting *State v. Raia,* 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶9, citing *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

### *Subject-Matter Jurisdiction*

**{¶32}** In Ms. DeMarco's assignments of error, she contends the trial court abused its discretion in failing to follow the proper procedures governing DVCPOs pursuant to Civ.R. 65.1. Before reaching these assignments of error, however, we must first look to the subject matter jurisdiction of the court. We will address Ms. DeMarco's assignments out of turn as many are resolved under the umbrella of this overarching issue.

**{¶33}** "To help resolve interstate custody disputes, the Uniform Child Custody Jurisdiction Act ('UCCJA') was drafted in 1968 and adopted by Ohio in 1977." *Rosen v. Celebrezze*, 117 Ohio St.3d 241. 2008-Ohio-853, ¶20*,* citing *Justis v. Justis*, 81 Ohio St.3d 312, 314 (1998), citing former R.C. 3109.21 to 3109.37, 137 Ohio Laws, Part I, 359. "A purpose of the UCCJA was 'to avoid jurisdictional competition and conflict with courts of other jurisdictions' in custody matters." *Id.*, quoting *In re Palmer*, 12 Ohio St.3d 194, 196 (1984). "This purpose, however, was defeated by departures from the original text of the UCCJA in many states and by inconsistent decisions by state courts during about 30 years of litigation." *Id.,* citing Uniform Child Custody Jurisdiction and Enforcement Act, Prefatory Note, 9 Uniform Laws Ann. 649, 650 (1997).

**{¶34}** "To rectify this problem, the National Conference of Commissions on Uniform State Laws promulgated the Uniform Child Custody Jurisdiction and Enforcement Act ('UCCJEA') in 1997 to replace the UCCJA." (Citation omitted.) *Id.* at ¶21, citing Prefatory Note, 9 Uniform Laws Ann. 649, 650. "The most significant change the UCCJEA makes to the UCCJA is giving jurisdictional priority and exclusive continuing jurisdiction to the home state." (Citation omitted.) *Id.* The UCCJEA "eliminates a determination of 'best interests' of a child from the original jurisdictional inquiry." (Citation omitted.) *Id.*

**{¶35}** "Since the conference's adoption of the UCCJEA, over 40 states, including Ohio and West Virginia, as well as the District of Columbia and the Virgin Islands, have repealed their versions of the UCCJA and adopted the UCCJEA." (Citation omitted.) *Id.* at ¶22. In Ohio, the UCCJEA is codified in R.C. Chapter 3127.

**{¶36}** Tennessee has also adopted the UCCJEA. Therefore, the same jurisdictional considerations, such as the preference for home state jurisdiction, operate under Tennessee law. *See* T.C.A. 36-6-216 et. seq.

**{¶37}** Ms. DeMarco filed for a DVCPO under R.C. 3113.31 and Civ.R. 65.1. Upon finding good cause shown and personal jurisdiction over Ms. DeMarco and J.P., the magistrate issued a temporary ex parte emergency DVCPO. After learning of pending custody matters over J.P. in Tennessee, however, the magistrate held a teleconference with the Tennessee court and with the participation of both parties' attorneys from both states, pursuant to R.C. 3127.18(D).

**{¶38}** Several months prior to the hearing, the Tennessee court had denied Ms. DeMarco's third motion to transfer jurisdiction over custody matters to Ohio, ruling that Tennessee was still the appropriate forum.

11

**{¶39}** The magistrate therefore properly concluded it was bound by the UCCJEA and divested of subject matter jurisdiction. The court's power to take any further action derived from R.C. 3127.18, entitled "temporary emergency jurisdiction," and the magistrate appropriately extended the protection order relating to the child to allow Ms. DeMarco time to file for a DVCPO in Tennessee.

**{¶40}** In relevant part, R.C. 3127.18(A)(2) states, "[a] court of this state has temporary emergency jurisdiction if a child is present in this state and * * * [i]t is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." Further, pursuant to R.C. 3127.18(C), "[i]f there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or until the period expires."

**{¶41}** R.C. 3113.31 further provides, in relevant part:

**{¶42}** "(E)(1) After an ex parte or full hearing, the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members or persons with whom the respondent is or was in a dating relationship. The order or agreement may:

**{¶43}** "* * *

12

{¶44} "(d)  With respect to a petition involving family or household members, temporarily allocate parental rights and responsibilities for the care of, or establish temporary parenting time rights with regard to, minor children, *if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or parenting time rights*[.]"  (Emphasis added.)

{¶45} Moreover, "the Supreme Court of Ohio has 'recognized "the bedrock proposition that once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter."'" *Hoyt v. Heindell,* 191 Ohio App.3d 373, 2010-Ohio-6058, ¶23 (11th Dist.), citing *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, ¶10, quoting *In re Adoption of Asente*, 90 Ohio St.3d 91, 92 (2000).

{¶46} Ms. DeMarco's assignments of error mainly concern the trial court's actions under Civ.R. 65.1, but the court was divested of statutory jurisdiction to proceed to a full DVCPO hearing pursuant to the UCCJEA.  "[T]he mere fact that the Ohio court has basic statutory jurisdiction to determine custody matters in legal-separation and divorce [and custody] matters * * * does not preclude * * * more specific statute[s] like R.C. 3127.15 [and R.C. 3127.18] from patently and unambiguously divesting the court of such jurisdiction."  (Citation omitted.)  *Rosen* at ¶46.

{¶47} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶45, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11.  Courts have thus held that UCCJEA claims cannot be waived.  (Citation omitted.)  *Id.*

{¶48} Thus, we find Ms. DeMarco's second and fifth assignments of error claiming that the trial court abused its discretion in issuing an interim order and not proceeding to

a final CPO order when it adopted the magistrate's decision determining it was without subject matter jurisdiction to be without merit.

{¶49} Similarly, we find Ms. DeMarco's fourth and sixth assignments of error claiming the trial court erred in dismissing the ex parte domestic violence civil protection order without conducting a full hearing pursuant to Civ.R. 65.1 and R.C. 3113.31 in violation of her due process rights to be without merit. As already noted, the court was precluded from proceeding pursuant to R.C. 3113.31 and R.C. 3127.18 and had only the limited jurisdiction to extend the temporary ex parte DVCPO to allow Ms. DeMarco the opportunity, by way of two extensions, to file for a civil protection order in Tennessee. This action by an Ohio court in no way deprived her of adequate notice and an opportunity to be heard in the appropriate forum. *See Palo v. Palo*, 11th Dist. Ashtabula Nos. 2003-A-0049 & 2003-A-0058, 2004-Ohio-5638, ¶21-23 (Procedural due process requires adequate notice and an opportunity to be heard where appellant was offered an open and meaningful opportunity to be heard and effectively declined.) Indeed, Ms. DeMarco had already invoked the Tennessee court's jurisdiction by seeking the same relief less than two weeks after the magistrate issued his amended decision.

{¶50} Ms. DeMarco's second, fourth, fifth, and sixth assignments of error are without merit.

### Extension of Time

{¶51} In her third assignment of error, Ms. DeMarco contends she was deprived of an adequate time period to obtain a DVCPO in Tennessee.

{¶52} We disagree. The trial court extended the temporary ex parte DVCPO twice, and the DVCPO was, due to the parties' motions and extensions, in effect for almost a full year. The temporary ex parte order was granted on May 18, 2018. The

14

court adopted the magistrate's decision finding lack of subject matter jurisdiction pursuant to R.C. 3127.18 on January 10, 2019, and granted Ms. DeMarco an extension until February 4, 2019 to file for relief in the Tennessee court. Ms. DeMarco subsequently filed objections and for an extension of the temporary ex parte DVCPO addressed in the trial court's interim order.

{¶53} On February 6, the court issued its decision overruling her objections to the magistrate's decision and denying Ms. DeMarco's motions to vacate or stay the court's interim order and to stay the magistrate's decision. In that judgment, the trial court found that the ongoing dispute over visitation must be resolved in the Tennessee court. The court noted Ms. DeMarco filed for a motion for supervised parenting time in the Tennessee court on January 18, 2019. In her motion, she urged that court to either issue a new restraining order, or in lieu thereof, implement supervised parenting time. The trial court concluded that it would not interfere further, since the matter was already properly before the Tennessee court, and Ms. DeMarco was essentially seeking the same relief. But, it did extend the expiration of the temporary ex parte DVCPO an additional 30 days until March 6, 2019.

{¶54} Ms. DeMarco failed to establish any error on the part of the trial court in failing to grant her a third extension simply because of "the fact that her desired relief" had not yet occurred in Tennessee. *State ex rel. Mender v. Chauncey*, 4th Dist. Athens No. 14CA27, 2015-Ohio-3559, ¶13 ("[P]ursuant to Civ.R. 6(B)(1), the trial court is granted discretion to expand the time a party has to respond to motions").

{¶55} Ms. DeMarco's third assignment of error is also without merit.

15

***Procedural Irregularities - Interim Orders***

**{¶56}** In her first assignment of error, Ms. DeMarco argues the trial court erred and abused its discretion in adopting the magistrate's decision because the magistrate erroneously recommended issuing an interim order extending the temporary DVCPO to allow Ms. DeMarco to file in Tennessee pursuant to Civ.R. 53 instead of Civ.R. 65.1.

**{¶57}** Generally, our standard of review in cases involving the trial court's adoption of a magistrate's decision is whether the trial court abused its discretion. *Dixon v. O'Brien,* 7th Dist. Mahoning No. 09 MA 123, 2011-Ohio-3399, ¶34, citing *Spain v. Hubbard*, 7th Dist. Belmont No. 02 BA 15 2003-Ohio-2555, ¶27, citing *State ex rel. Hrelec v. Campbell*, 146 Ohio App.3d 112, 117 (7th Dist.2001). "Although the trial court has discretion when finding facts and applying those facts to the law, the trial court commits an error of law if it does not follow the law." *Younker v. Hayes*, 9th Dist. Summit No. 28521, 2018-Ohio-835, ¶13, citing *Foster v. Foster*, 9th Dist. Wayne No. 09CA0058, 2010-Ohio-4655, ¶6. "In such instances, questions of law exist and a de novo standard of review applies." *Id.* "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *Id.,* citing *State v. Consilio,* 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶4.

**{¶58}** Further, "[a] trial court's failure to comply with Civ.R. 53 requires an appellate court to reverse and remand where the failure prejudiced the appellant." *Dixon* at ¶31. "The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. The clear import of current Civ.R. 53(D) is to provide litigants with a meaningful opportunity to

register objections to the magistrate's decision and the failure to provide such an opportunity to object is prejudicial error." (Citations omitted.) *Id.* at ¶32.

{¶59} The trial court adopted the magistrate's order as its own, and Ms. DeMarco timely filed objections, raising the instant issue. The trial court overruled Ms. DeMarco's objection, finding that once the magistrate determined that the Tennessee proceedings deprived the court of jurisdiction, the magistrate's decision to "frame his determination to cancel a full hearing contemplated under Civil Rule 65.1 and to instead issue an Interim order under Civil Rule 53 terms was appropriate. Once jurisdiction was deferred, no further Civil Rule 65.1 proceedings could take place. It then became logical to address the outstanding issues under normal Civ.R. 53 procedure. At the very worst, the Magistrate's decision in this regard was harmless error under Civ.R. 61."

{¶60} Whether the magistrate acted under Civ.R. 53, from which a magistrate derives his or her authority to act, or Civ.R. 65.1, which expedites the process for obtaining a civil protection order (and necessarily requires a referral by the trial court to a magistrate to conduct proceedings for DVCPOs under Civ.R. 53(C)(1)(d)); the magistrate's decisions and recommendations were all subject to the court's ultimate determination. *See id.* at ¶22-23 ("Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. * * * By approving the procedural scheme embodied in Civ.R. 53, the legislature made a policy decision that struck a balance between a court's discretion to manage its docket efficiently and its constitutional duty to decide cases and independently review the decisions of its magistrates").

{¶61} The Eighth District Court of Appeals in *M.D. v. M.D.*, 8th Dist. Cuyahoga Nos. 106581 & 106758, 2018-Ohio-4218, succinctly explained the distinctions and

17

interplay of these two rules. The court stated, "Civ.R. 65.1, unlike Civ.R. 53, does not provide for a request for findings of fact and conclusions of law (see Civ.R. 53(D)(3)(a)(ii)), suggesting a more streamlined proceeding for protection orders. Under Civ.R. 65.1 the trial court may adopt the magistrate's denial or grant of a protection order 'upon review of the order and a determination that there is no error of law or other defect evident on the face of the order.' Civ.R. 53 allows the court to 'hear a previously-referred matter, take additional evidence, or return a matter to a magistrate,' Civ.R. 53(D)(4)(b), and it requires the trial court to undertake 'an independent review as to the objected matters.' Civ.R. 53(D)(4)(d). Each of those options is absent from Civ.R. 65.1, which indicates that the court's action includes only 'adoption, modification, or rejection,' of a magistrate's decision, Civ.R. 65.1(F)(3)(c)(iv), and no standard of review is designated." *Id.* at ¶50, quoting *Insa v. Insa*, 2d Dist. Montgomery No. 26909, 2016-Ohio-7425, ¶27.

**{¶62}** Ms. DeMarco argues that Civ.R. 65.1 supersedes Civ.R. 53. A plain reading of these rules, however, reveals it clearly does not unless there is an inconsistency. Pursuant to Civ.R. 65.1(F), a court may refer CPO proceedings to a magistrate. Further, Civ.R. 65.1(A), entitled "Applicability; Construction; Other Rules," states that "[t]he provisions of this rule apply to special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders, shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure *to the extent that such application is inconsistent with the provisions of this rule.* (Emphasis added.)

18

{¶63} We find no error of law in the trial court's adoption of the magistrate's decision issued pursuant to Civ.R. 53 or in its issuance of the interim order recommended in the magistrate's decision. After issuing the ex parte temporary DVCPO, the court became aware of the Tennessee proceedings and it had to follow the dictates of the UCCJEA. Once the question of jurisdiction was raised, the magistrate could not go forward to a final DVCPO hearing regarding the child until that issue was resolved. The magistrate continued pursuant to the Civ.R. 53 referral of the matter to him by the trial judge to follow the dictates of the UCCJEA, i.e., call the Tennessee court, review motions, and issue his recommendations to the trial court pursuant to Civ.R. 53 via a magistrate's decision. *See* Civ.R. 53(D), entitled "Proceedings in Matters Referred to Magistrates." Civ.R. 53 gives the trial court the ability to issue an interim order based on the magistrate's recommendation. Civ.R. 53(D)(4)(a) & (e). The trial court, not the magistrate, issues that order. "'[A] final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. * * * The reason for this is that orders are not court orders unless certain formalities are met. * * * In addition, only judges, not magistrates, may terminate claims or actions by entering judgment. * * * '" (Citations omitted.) *Atlas Am., Inc. v. Fano*, 11th Dist. Portage No. 2008-P-0093, 2008-Ohio-6561, ¶6, quoting *Ingledue v. Premier Siding & Roofing, Inc.*, 5th Dist. Delaware No. 2005CAE120088, 2006-Ohio-2698, ¶11-13.

{¶64} After the jurisdictional question was raised, the magistrate had no alternative but to complete the jurisdictional analysis before continuing to a full hearing on the DVCPO. Then, having determined the court's jurisdiction was only temporary emergency jurisdiction, it was not inconsistent with Civ.R. 65.1 procedure that he make his findings and recommendations to the trial court via a Civ.R. 53 decision and

19

recommend that the ex parte DVCPO for the child be extended for a period of time adequate to permit filing in the proper court.

**{¶65}** Ms. DeMarco's first assignment of error is without merit.

*Procedural Irregularities – Improper Findings*

**{¶66}** In her seventh assignment of error, Ms. DeMarco contends the trial court abused its discretion in finding that she failed to disclose the pending custody proceeding in Tennessee in her initial filings for a civil protection order.

**{¶67}** Specifically, the magistrate issued an amended decision to its January 9, 2019 decision on January 11, 2019. After speaking with both parties' counsel in email communications, the magistrate found that an amended decision should be issued. Specifically, the magistrate added the following two paragraphs:

**{¶68}** "5. Section 9 of the Petition for Domestic Violence Civil Protection Order (Form 10.01-D) requires the [Appellant] to list 'all present court cases and pertinent past court cases including civil, criminal, divorce, juvenile, custody, visitation, * * * that relates to the [Appellee], you, your children, your family, or your household members.' [Appellant's] response on the form was "SEE ATTACHED." The sheet [Appellant] attached to the Petition does not list Case No. 12D-1490 in the Fifth Circuit for Davidson County, and [s]pecifically does not mention the motion or motions then pending in that case.

**{¶69}** "6. Section 4 of the Parenting affidavit refers to a 'pending' 'custody/visitation' matter in the Tennessee Court. Petitioner did not state the case number or give more complete information about precisely what was then 'pending.'"

**{¶70}** A review of Ms. DeMarco's initial petition reveals the magistrate was correct in its additional findings. While we can sympathize with Ms. DeMarco's viewpoint that

20

she did disclose the pending custody matter in Tennessee, sparse as it was, we find no abuse of discretion in the trial court's adoption of the magistrate's inclusion of these two additional findings of fact. The magistrate's findings merely noted the overall paucity of specific information Ms. DeMarco disclosed regarding the pending custody matter in Tennessee, and her failure to specifically list the case number of the pending Tennessee case and the motions pending in that case in an attachment to her affidavit. In any event, the findings had no bearing on the trial court's decision.

{¶71} Ms. DeMarco's seventh assignment of error is without merit.

{¶72} The judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.