[Cite as *Spellman v. Kirchner*, 2020-Ohio-3240.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD J. SPELLMAN, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-G-0218** |
| DARLENE KIRCHNER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2019 CVI 00134.

Judgment: Affirmed.

*Charles J. Van Ness*, Van Ness Law, Ltd., 6181 Mayfield Road, Suite 104, Mayfield Heights, OH 44124 (For Plaintiff-Appellant).

*Paul J. Mooney*, Law Office of Paul J. Mooney, 6579 Wilson Mills Road, Mayfield Village, OH 44143 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Richard J. Spellman ("Mr. Spellman"), appeals the judgments of the Chardon Municipal Court overruling his objections to the magistrate's decision, entering judgment in favor of appellee, Darlene Kirchner ("Ms. Kirchner"), and denying his motion for a new trial.

{¶2} This matter involves a small claims complaint Mr. Spellman filed against Ms. Kirchner seeking damages in the amount of $3,136.48 for her alleged unauthorized use of his bank card and nonpayment of loans. First, Mr. Spellman argues that the trial

court's denial of his motion for a continuance of his small claims trial constituted an abuse of discretion and prevented him from having a fair trial. Second, Mr. Spellman argues that the trial court's denial of his objections to the magistrate's decision without reviewing the trial transcript was arbitrary. Finally, Mr. Spellman argues that the trial court's judgment in favor of Ms. Kirchner is against the manifest weight of the evidence.

{¶3} After a careful review of the record and pertinent law, we find as follows: First, although the trial court erred by denying Mr. Spellman's objections to the magistrate's decision before the trial transcript was filed, its subsequent consideration of Mr. Spellman's motion for a new trial after the transcript had been filed rendered the error harmless. Second, the trial court did not err in failing to grant a continuance because Mr. Spellman did not expressly move for a continuance. Further, a continuance for the purpose of obtaining counsel to assert additional causes of action, seek additional remedies, and conduct discovery is not compatible with the informal nature of small claims proceedings. Finally, competent and credible evidence in the trial transcript supports the magistrate's findings.

{¶4} Thus, we affirm the judgments of the Chardon Municipal Court.

**Substantive and Procedural History**

{¶5} On February 5, 2019, Mr. Spellman, pro se, filed a small claims complaint against Ms. Kirchner in the Chardon Municipal Court seeking a judgment in the amount of $3,136.48 for "unauthorized transactions from bank account and additional loans," attaching a bank statement containing several circled transactions. The court set the matter for trial.

2

{¶6}  Ms. Kirchner retained counsel, who obtained a two-week continuance of the trial date.  The matter was rescheduled for trial before a magistrate on April 4, 2019.  Mr. Spellman appeared pro se, and Ms. Kirchner appeared with counsel.

{¶7}  At the commencement of the trial, Mr. Spellman stated that he had filed another case against Ms. Kirchner, which the court had continued, and that he had not had time to obtain counsel in the underlying case.  The magistrate inquired whether the two cases were related.  Mr. Kirchner indicated that the cases were somewhat related but pertained to separate transactions.  The magistrate determined that they would proceed on the underlying case, and Mr. Spellman responded "Okay" and "That's fine."

{¶8}  Mr. Spellman testified that he and Ms. Kirchner had been friends for 20 years.  The record indicates that Mr. Spellman has medical issues and physical limitations, and Ms. Kirchner provided some assistance to him following the foreclosure of his parent's house.  At one point, Ms. Kirchner permitted Mr. Spellman to park his motor home at her house.  Eventually, Ms. Kirchner assisted Mr. Spellman in obtaining a motel room.

{¶9}  During September of 2018, Mr. Spellman and Ms. Kirchner went to a casino in New York where he allowed her to use his bank card to withdraw $100 in cash for gambling.  He testified that Ms. Kirchner withdrew an extra $100 without authorization.

{¶10}  Ms. Kirchner retained possession of the bank card with Mr. Spellman's permission, and Mr. Spellman provided her with his personal identification number ("PIN").  Mr. Spellman permitted Ms. Kirchner to use his bank card to purchase items for him, including food, liquor, and items he needed at the motel, as well as for her gas

3

money. However, he stated Ms. Kirchner made unauthorized purchases and withdrawals and that he had loaned her money to repair her vehicle.

{¶11} On cross-examination, Mr. Spellman conceded that he never asked Ms. Kirchner for payment because they were "helping each other out," although he alleged that she kicked him off her property and that he was unable to get ahold of her. He conceded there was no discussion that she owed him money. Rather, he assumed she would repay him.

{¶12} Ms. Kirchner testified that she used the bank card with Mr. Spellman's permission. He had not stated a limit as to how much she could withdraw for gambling, and the charges she incurred were mostly for Mr. Spellman's expenses. It was not her understanding that she would be responsible for repaying any such amounts.

{¶13} The magistrate issued a decision on April 11, 2019 recommending that judgment be granted to Ms. Kirchner. He found there was no evidence other than Mr. Spellman's testimony that the funds were loans that were expected to be repaid. He concluded Ms. Kirchner clearly displayed more veracity and credibility than Mr. Spellman.

{¶14} On April 25, 2019, Mr. Spellman filed objections to the magistrate's decision, raising arguments relating to the magistrate's failure to grant a continuance and challenging the magistrate's factual findings and conclusions. He also requested leave to supplement his objections upon the preparation of a transcript. On the same date, Mr. Spellman filed a praecipe for the DVD recording of the trial for preparation of the transcript.

{¶15} The trial court issued a judgment entry on May 7, 2019 overruling the

4

objections and granting judgment in favor of Ms. Kirchner.

{¶16} Mr. Spellman filed the transcript of the trial on May 24, 2019. He also filed a motion for a new trial on June 4, 2019, raising the same arguments set forth in his objections to the magistrate's decision and incorporating by reference those objections and the trial transcript. The court denied the motion for a new trial.

{¶17} Mr. Spellman appeals the trial court's judgments and raises the following two assignments of error for our review:

{¶18} "[1.] The trial court erred and abused its discretion in denying Appellant Spellman's Motion for a Continuance after he inadvertently and unknowingly failed to list the case number of this companion case, but reiterated his request orally at the outset of the small claims trial, and in denying Appellant's Objections to the Magistrate's Decision and Motion for New Trial Upon Filing of Transcript of Small Claims.

{¶19} "[2.] The trial court erred in finding that the financial transactions between Appellant and Appellee were loans rather than an unauthorized use of his debit card that constitutes conversion, and the resulting judgment in favor of Appellee is against the manifest weight of evidence and a miscarriage of justice arising out of an unfair and prejudicial trial."

**Trial Transcript**

{¶20} We will first address a portion of Mr. Spellman's second assignment of error where he challenges the trial court's denial of his objections to the magistrate's decision prior to the filing of the trial transcript. We note that this argument consists of just one sentence in Mr. Spellman's brief. Although, pursuant to App.R. 12(A)(2), this court may disregard an assignment of error presented for review if the party fails to

5

argue the assignment separately in the brief, we will review it in the interest of justice.

### *Standard of Review*

{¶21} Our standard of review for a trial court's adoption of a magistrate's decision is whether the trial court abused its discretion. *Shiloh Ministries, Inc. v. Simco Exploration Corp.,* 11th Dist. Trumbull No. 2018-T-0057, 2019-Ohio-2291, ¶25. An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶22} When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error (although harmless errors and errors not preserved for appellate review are not reversible). *Id.* at ¶67, fn. 2. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.* at ¶67.

### *Civ.R. 53*

{¶23} Civ.R. 53 applies in a small claims matter, although the civil rules do not apply in that forum "to the extent that they would by their nature be clearly inapplicable." Civ.R. 1(C)(4). *See also* R.C. 1925.16 ("Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure * * *.").

{¶24} A party may file written objections to a magistrate's decision within 14 days of its filing. Civ.R. 53(D)(3)(b)(i). An objection to a factual finding, whether or not

6

specifically designated as such, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding. Civ.R. 53(D)(3)(b)(iii). The objecting party has 30 days from the time the objections are filed to file the hearing transcript. *Id.* The objecting party may also seek leave of court to supplement objections if the objections were filed before the transcript had been filed. *Id.*

{¶25} A magistrate's decision is not effective unless adopted by the court. Civ.R. 53(D)(4)(a). Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. Civ.R. 53(D)(4)(b). If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections by undertaking an "independent review" of the objected matters to ascertain whether the magistrate properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d).

{¶26} In addition to adopting, rejecting, or modifying a magistrate's decision, the court shall also enter a judgment or interim order. Civ.R. 53(D)(4)(e). The court may enter a judgment during the 14 days permitted for the filing of objections or after the 14 days have expired. Civ.R. 53(D)(4)(e)(i). If the court enters a judgment during the 14 days, the timely filing of objection operates as an automatic stay until the court disposes of the objections and vacates, modifies, or adheres to its previously entered judgment. *Id.*

{¶27} In the underlying case, Mr. Spellman filed written objections to the magistrate's decision and a request for leave to supplement upon preparation of the trial transcript. The trial court overruled the objections and entered judgment in favor of Ms. Kirchner after the 14 days had expired. However, the trial court did so before the time

7

for the filing of the transcript had expired. Thus, the trial court's premature judgment before considering the objections with the transcript in hand was error. *See Wolkoff v. Bloom Bros. Supply, Inc.,* 11th Dist. Geauga No. 2013-G-3160, 2014-Ohio-1567, ¶29 (finding error where a trial court ruled on objections prior to the expiration of the thirty-day period for filing a transcript of the proceeding).

### Harmless Error

{¶28} Although the trial court erred, we do not find reversible error. Civ.R. 61, entitled "Harmless Error," provides that "no error or defect in any ruling or order or in anything done or omitted by the court * * * is ground * * * for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceedings must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party. *Filby v. Heffter & Russell, L.L.C.*, 11th Dist. Geauga No. 2017-G-0128, 2018-Ohio-1333, ¶16.

{¶29} A trial court's failure to comply with Civ.R. 53 requires an appellate court to reverse and remand where the failure prejudiced the appellant. *Demarco v. Pace*, 11th Dist. Geauga No. 2019-G-0197, 2019-Ohio-3727, ¶58. The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. *Id.* The clear import of current Civ.R.

8

53(D) is to provide litigants with a meaningful opportunity to register objections to the magistrate's decision and the failure to provide such an opportunity to object is prejudicial error. *Id. See also Russell v. Russell*, 8th Dist. Cuyahoga No. 60311, 1992 WL 67094, *3 (Apr. 2, 1992) ("[T]he failure to comply fully with Civ.R. 53(E) may be considered harmless where the complaining party fails to demonstrate that the procedures employed were prejudicial to his substantive rights").

{¶30} For example, in *Driggers v. Driggers*, 115 Ohio App.3d 229 (11th Dist.1996), this court held that the trial court's filing of an entry denying a motion to intervene prior to the hearing on the movant's objections to a referee's report was harmless error where the movant (1) was given an opportunity to be heard, and (2) the trial court filed a second judgment entry on movant's objections after the oral hearing. *Id.* at 234.

{¶31} Here, the trial court could not have conducted an "independent review" of the factual issues required under Civ.R. 53(D)(4)(d). However, the trial transcript was subsequently filed, and Mr. Spellman filed a "motion for new trial upon filing of transcript of small claims hearing," specifically incorporating by reference his prior objections as well as the trial transcript. The listed grounds for Mr. Spellman's motion for a new trial included (1) surprise to Mr. Spellman in the magistrate's failure to grant him a continuance (*see* Civ.R. 59(A)(3)), (2) irregularity in the proceedings or an abuse of discretion preventing a fair trial (*see* Civ.R. 59(A)(1)), and (3) the judgment is not sustained by the weight of the evidence and is contrary to law (*see* Civ.R. 59(A)(6) and (7)). Mr. Spellman's arguments in his motion for a new trial and in the objections were virtually identical.

9

{¶32} Upon consideration of the motion for new trial, the trial court had before it all his earlier filed objections, just in a new form, supplemented by the hearing transcript, as previously requested. Thus, we conclude the trial court's consideration of Mr. Spellman's motion for a new trial after the transcript had been filed was, in effect, equivalent to an "independent review" of "the objected matters" under Civ.R. 53(D)(4)(d).

{¶33} A remand of this matter would merely require Mr. Spellman and the trial court to do what each has already done: Mr. Spellman to supplement his objections based upon the transcript (which he did when he filed his motion for new trial), and the trial court to rule upon all objections after a review of the transcript (which it effectively did when it considered the motion for new trial after the transcript had been filed). Therefore, we conclude the trial court's error was harmless pursuant to Civ.R. 61.

{¶34} The dissent argues that the trial court's judgment entry denying Mr. Spellman's motion for a new trial was "insufficient" to demonstrate that it "actually reviewed" the matter "with the necessary attention required by Civ.R. 53," citing *Inman v. Inman*, 101 Ohio App.3d 115 (2d Dist.1995).

{¶35} However, a judge is presumed to follow the applicable law in all respects. *In re Disqualification of Nichols*, 74 Ohio St.3d 1215 (1989). As the *Inman* court recognized, an appellant must affirmatively demonstrate that the trial court did not conduct a proper independent analysis. *See id.* at 119. Unlike *Inman*, the underlying matter involves a straight-forward small claims proceeding that the magistrate resolved based on witness credibility. Mr. Spellman has not affirmatively demonstrated that the

10

trial court did not properly consider the rather minimal record before it in denying his motion for a new trial.

{¶36} The dissent also claims that it would be "unfair" for us to find harmless error in this case, citing the Tenth District's holding in *Hamilton v. Hamilton*, 10th Dist. Franklin No. 14AP-1061, 2016-Ohio-5900, ¶5, that a party may not utilize a motion for a new trial to object to a magistrate's decision.

{¶37} This is not an apt comparison. Here, we are reviewing a trial court's judgment for error. An appellate court is only permitted to reverse a trial court's judgment if the error affected a party's "substantial rights." *See* R.C. 2309.59; Civ.R. 61. Otherwise, we are *required* to disregard the error. *See id.*

{¶38} The referenced portion of Mr. Spellman's second assignment of error is without merit.

## Denial of Motion for a Continuance

{¶39} In his first assignment of error, Mr. Spellman argues that the trial court abused its discretion and prevented him from having a fair trial by denying his motion for a continuance of his small claims trial.

### *Standard of Review*

{¶40} Our standard of review is abuse of discretion whether we consider this assignment of error pursuant to the trial court's judgment entry adopting the magistrate's decision or its judgment entry denying Mr. Spellman's motion for a new trial. *See Shiloh Ministries, supra*, at ¶25; *Keen v. Wilson*, 11th Dist. Trumbull No. 2018-T-0078, 2019-Ohio-2398, ¶53 ("This court reviews a trial court's judgment on a Civ.R. 59 motion for new trial under the abuse of discretion standard").

11

***No Request for Continuance***

{¶41} The record does not reflect that Mr. Spellman expressly moved for a continuance. At the start of the trial, Mr. Spellman stated that he had filed another case against Ms. Kirchner, which the court had continued. The filings in the other referenced case are not in the record before us, and Mr. Spellman's references to them in the trial transcript are cryptic.

{¶42} Mr. Spellman further stated that he had not had time to obtain counsel in the underlying case. Following a discussion about whether the cases were related, the magistrate indicated that they would proceed on the underlying case, and Mr. Spellman responded "Okay" and "That's fine." He then presented his evidence.

{¶43} According to the dissent, the record demonstrates Mr. Spellman "intended to request a continuance." To prevail on an appeal, however, an appellant must affirmatively demonstrate, through reference to the record of the proceeding before the trial court, that the trial court committed error. *Buckley v. Illila*, 11th Dist. Trumbull No. 98-T-0177, 2000 WL 263739, *1 (Mar. 3, 2000). Mr. Spellman states in his brief that he "immediately made an oral request for a continuance" and that the magistrate "summarily denied" it. The record before us does not support these assertions.

{¶44} Mr. Spellman contends that he inadvertently failed to reference both of his cases in a previously filed motion to continue. In support, he points to alleged conversations and actions involving trial counsel and the clerk of courts that are not part of the record before us. An appellate court, in determining the existence of error, is limited to a review of the record. *State v. Spano*, 11th Dist. Lake No. 2015-L-082, 2016-Ohio-3120, ¶45. Thus, we may not consider this information. Further, Mr. Spellman

12

chose to file the underlying case pro se. Pro se civil litigants must accept the results of their own mistakes and errors. *Willowick v. Sanvido*, 11th Dist. Lake No. 2009-L-097, 2010-Ohio-2816, ¶29.

### *No Abuse of Discretion*

{¶45} Even if Mr. Spellman's comments at trial could be construed as a request for a continuance to obtain counsel, a continuance for this purpose is not warranted. There is no generalized right of counsel in civil litigation. *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110 (1987).

{¶46} While Mr. Spellman argues that his trial counsel would have identified additional causes of action, requested additional remedies, and engaged in discovery, these actions are incompatible with small claims proceedings.

{¶47} The small claims divisions of municipal and county courts are intended to provide a forum for persons with relatively small, uncomplicated claims to seek redress without the need for attorney representation. *Klemas v. Flynn*, 66 Ohio St.3d 249, 252 (1993). The goal of small claims court is to provide fast and fair adjudication as an alternative to the traditional judicial proceedings. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, ¶15. Attorneys may appear but are not required to appear. *Id.*, citing R.C.1925.01(D). Claims for punitive damages, exemplary damages, and prejudgment attachment are not permitted. *Id.*, citing R.C.1925.02(A)(2)(a)(iii) and 1925.07. Since claims must be set for hearing within 15 to 40 days after the complaint is filed, cases move quickly. *Id.*, citing R.C.1925.04(B). Thus, by design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. *Id.* Pro se activity is assumed and

13

encouraged. *Id.* The process is an alternative to full-blown judicial dispute resolution. *Id.*

{¶48} The case Mr. Spellman cites in support of his position is distinguishable. In *State v. Diroll*, 11th Dist. Portage No. 2006-P-0110, 2007-Ohio-6930, this court found that the trial court's denials of a criminal defendant's motions to continue his trial were unreasonable where his public defender had one working day to prepare his defense to a charge of domestic violence. *Id.* at ¶12-14. As indicated, Mr. Spellman chose to file his civil action, pro se, in the small claims division and did not even expressly request a continuance.

{¶49} While the dissent suggests that the above reasons are unconvincing, this is not our required standard of review. A trial court's decision does not constitute an abuse of discretion if it is supported by a discernible rational basis. *See State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, ¶100. According to the Supreme Court of Ohio, "[i]t is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive." *AAA Enterprises, Inc. v. River Place Comm. Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶50} Mr. Spellman's first assignment of error is without merit.

**Manifest Weight of the Evidence**

{¶51} Within his second assignment of error, Mr. Spellman also argues that the trial court's judgment in favor of Ms. Kirchner is against the manifest weight of the evidence.

14

### Standard of Review

{¶52} Our standard of review is the same whether we consider this assignment of error pursuant to the trial court's judgment adopting the magistrate's decision or its judgment denying Mr. Spellman's motion for new trial. *See Harris v. Transp. Outlet*, 11th Dist. Lake No. 2007-L-188, 2008-Ohio-2917, ¶12 (involving a magistrate's decision); *Means v. Smurfit-Stone Container Corp.*, 11th Dist. Ashtabula No. 2004-A-0048, 2005-Ohio-6159, ¶11 (involving a motion for a new trial).

{¶53} In civil cases, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24, quoting C.*E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. A court has an obligation to presume that the findings of the trier of fact are correct. *Id.*, quoting *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80-81 (1984). This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.*, quoting *Seasons Coal Co.* at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.*, quoting *Seasons Coal Co.* at 81.

### *No Request for Findings of Fact/Conclusions of Law*

{¶54} Notably, Mr. Spellman never requested findings of fact or conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). Civ.R. 53(D)(3)(a)(ii) states that "[s]ubject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law."

{¶55} In the absence of findings of fact and conclusions of law, we must presume the trial court applied the law correctly and must affirm if there is some evidence in the record to support its judgment. *Marble Builder Direct Internatl., Inc. v. Hauxhurst*, 11th Dist. Lake No. 2011-L-040, 2012-Ohio-1674, ¶63, quoting *Pettet v. Pettet*, 55 Ohio App.3d 128, 130 (5th Dist.1988). When separate facts are not requested by counsel and/or supplied by the court, the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. *Id.* Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with its judgment, the appellate court is bound to affirm on the weight and sufficiency of the evidence. *Id.*

{¶56} The message is clear: If a party wishes to challenge the judgment as being against the manifest weight of the evidence, he or she had best secure separate

16

findings of fact and conclusions of law. *Id.* at ¶64, quoting *McClead v. McClead,* 4th Dist. Washington No. 06CA67, 2007-Ohio-4624, ¶25.

### *Competent, Credible Evidence*

{¶57} The magistrate heard testimony from Mr. Spellman, reviewed his bank statement, and heard testimony from Ms. Kirchner. The magistrate found that when he weighed the veracity and credibility of the parties, "the clear winner" was Ms. Kirchner.

{¶58} The independent review requirement of Civ.R. 53(D)(4)(d) does not prohibit the trial court from deferring to the magistrate's resolution of credibility because the magistrate retains a superior position, as the trier of fact, to consider the demeanor of witnesses and evaluate their credibility. *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009-Ohio-3139, ¶14.

{¶59} The magistrate also found that there were no writings to establish that the use of the credit card and its associated PIN, which Mr. Spellman admitted he gave to Ms. Kirchner, was unauthorized or that she agreed to repay any transactions on the card that benefited her. In fact, there was no dispute that many of the charges were for his benefit alone. The magistrate also found Mr. Spellman admittedly made no demand, orally or in writing, for repayment.

{¶60} Thus, there is competent and credible evidence in the transcript to support the magistrate's findings.

{¶61} The remainder of Mr. Spellman's second assignment of error is without merit.

{¶62} Based on the foregoing, the judgments of the Chardon Municipal Court are affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

MATT LYNCH, J., dissents with a Dissenting Opinion.

_____

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶63} I dissent from the majority's determination that the trial court's failure to properly rule on objections to the magistrate's decision is harmless error. In this matter, the lower court failed to follow the clear mandates of Civ.R. 53 to ensure that parties receive a fair and thorough review of their objections by a judge. Finding such an error harmless merely because the court ruled on a subsequent motion for a new trial addressing related issues creates a slippery slope whereby basic tenants of the Civil Rules are not applied so long as some process of review occurs, albeit insufficient to comply with the letter and spirit of the Rules. This finding of harmless error erodes litigants' confidence that their cases are receiving the consideration necessary to ensure justice.

{¶64} While Spellman filed Objections to Magistrate's Decision on April 25, 2019, and requested leave to supplement the objections following the preparation of a transcript, less than two weeks later the trial court overruled the objections and ordered judgment to be granted in favor of Kirchner on Spellman's Complaint. There is no question that this was an error by the trial court, as this court has reiterated on several occasions that it is "*reversible error* when a trial court rules on objections prior to the expiration of the thirty-day period for filing a transcript of the proceedings." (Emphasis

18

added.)  *Wolkoff v. Bloom Bros. Supply, Inc.*, 11th Dist. Geauga No. 2013-G-3160, 2014-Ohio-1567, ¶ 29, citing *DeFrank-Jenne v. Pruitt,* 11th Dist. Lake No. 2008-L-156, 2009-Ohio-1438, ¶ 14-15; *Haverdick v. Haverdick,* 11th Dist. Trumbull No. 2010-T-0040, 2010-Ohio-6256, ¶ 19.  It has been held that, where the trial court overruled objections to a magistrate's decision but also granted an extension to file the transcript the next day, ruling on the objections prior to the expiration of the thirty days to file the transcript still constituted reversible error.  *Dovel v. Precision Pest Mgt.*, 5th Dist. Stark No. 2016CA00115, 2017-Ohio-203, ¶ 13-14.

{¶65}  The majority holds that although the trial court failed to follow the proper procedure for ruling on objections, this should be overlooked as harmless error because the court subsequently ruled on a motion for new trial which reasserted the matters raised in the objections.  Such a conclusion is problematic and fails to recognize the importance of complying with those rules regulating magistrates.

{¶66}  The Ohio Constitution vests judicial power in "a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the Supreme Court as may from time to time be established by law."  Ohio Constitution, Article IV, Section 1.  The magistrate has limited authority "to assist courts of record." Civ.R. 53(C)(1).  A magistrate's "oversight of an issue or issues, even an entire trial, is not a substitute for the [trial court's] judicial functions but only an aid to them."  *Hartt v. Munobe*, 67 Ohio St.3d 3, 6, 615 N.E.2d 617 (1993).

{¶67}  Civ.R. 53 requires an "independent review" of matters objected to in a magistrate's decision.  Magistrates' decisions should not be adopted "as a matter of course," and failure to conduct proper review "violates the letter and spirit of Civ.R. 53."

*Hartt* at 5 and 6 ("Civ.R. 53 places upon the *court* the ultimate authority and responsibility over the [magistrate's] findings and rulings"). Thus, a trial court "has the responsibility to critically review and verify to its own satisfaction the correctness of [a magistrate's decision]." (Citation omitted.) *Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Comm.*, ___ Ohio St.3d ___, 2019-Ohio-4499, ___ N.E.3d ___, ¶ 24. "Because a magistrate is an arm of the court and not a separate judicial entity with independent judicial authority, 'a trial court may not "merely rubber-stamp" a magistrate's decision.'" (Citations omitted.) *Becher v. Becher*, 8th Dist. Cuyahoga No. 108472, 2020-Ohio-669, ¶ 24.

{¶68} The error in the present matter lies in the fact that the trial court failed to conduct a thorough review both when initially ruling on the objections before the transcripts were prepared and when denying the motion for a new trial without any comment that it had reviewed the objections or the transcript.

{¶69} In its May 7, 2019 Judgment, the trial court entered judgment in favor of Kirchner and stated: "After independent review as to the objected matters to ascertain that the Magistrate has properly determined the factual issues and appropriately applied the law, the Court overrules Plaintiff's objections to the Magistrate's Decision." This highlights the concerns outlined above; a court should not act to rubber-stamp the magistrate's findings. The court stated that it conducted an independent review to determine a proper ruling on the factual issues and had reviewed the objections. It simply cannot be accurate that the court conducted an independent review and resolved these issues when it had before it no transcript to do so. The resolution of this case was fact-dependent, with the magistrate ruling in favor of Kirchner based on an

20

examination of the testimony presented and his weighing of the parties' credibility. The objections were primarily centered around the factual findings and conclusions reached by the magistrate regarding the unauthorized use of Spellman's bank card and the loan. This alone evidences the fact that the court did not undertake a fair and thorough review and brings into question whether any subsequent judgment on the matter was made following the necessary independent review. *See Haverdick*, 2010-Ohio-6256, ¶ 16 ("[w]ithout the aid of a transcript, the trial court could not have conducted an independent review of appellant's documentation and testimony"); *Gruger v. Diversified Air Sys., Inc.*, 7th Dist. Mahoning No. 05-MA-103, 2006-Ohio-3568, ¶ 22 (the trial court could not properly rule on fact-based objections before reviewing the transcript).

{¶70} While Spellman did file a motion for a new trial repeating many of his objections after the transcript was filed, the record is completely devoid of any statements by the trial court that it conducted an independent review of the objections in response to the filing of the transcript, was ruling on the objections, or interpreted the motion for a new trial as supplemental objections. The court's entry merely stated that the matter had come before it for consideration of the motion for a new trial, the motion was "not well taken" and denied said motion. This is insufficient to convey to Spellman and this court that this matter was actually reviewed with the necessary attention required by Civ.R. 53. In light of the circumstances present here, it cannot be fairly determined that an independent review of the magistrate's decision took place. *Inman v. Inman*, 101 Ohio App.3d 115, 120-121, 655 N.E.2d 199 (2d Dist.1995) (where the circumstances indicated the court did not make an independent judgment, such as ruling in a timeframe that demonstrated it was unlikely to have been able to review the

complex record, reversal was warranted for the trial court to conduct a "thorough analysis" of the issues considered by the magistrate). While the majority argues that we must presume the trial court followed the law, we cannot shirk our responsibility to conduct a thorough review by simply citing deference. The lower court's own actions, i.e., its failure to state that it had conducted a Civ.R. 53 review of the motion for a new trial and its initial statement that it completed a thorough review when it had not, necessitate a conclusion that a proper review was not performed.

{¶71} Further, it has been held that a motion for a new trial cannot act as a substitute for submitting objections to the magistrate's decision. *Hamilton v. Hamilton*, 10th Dist. Franklin No. 14AP-1061, 2016-Ohio-5900, ¶ 5. Again, the manner of review mandated by Civ.R. 53 seeks to ensure the judge, not the magistrate, issues a properly reviewed final judgment in the case. It would be unfair to hold parties to one standard, in which they cannot utilize a motion for a new trial to object to a magistrate's decision, but then allow the court to use such a process to conduct a Civ.R. 53 review. There is nothing in the record to indicate the court treated the motion for new trial as an opportunity to review the transcript and objections. The majority contends that the foregoing comparison to *Hamilton* does not apply, emphasizing that this court must disregard any error because it is harmless and, thus, it does not matter whether the proper procedure was followed. This argument fails because there is no basis to find harmless error. Nothing in the record actually demonstrates the lower court conducted a correct review following the filing of the transcript. Further, the harm here, as outlined above, was in the court's failure to conduct a review that meets the strict requirements of Civ.R. 53. The harm is in the lower court failing to follow procedures that are used as

22

a sword against parties but, apparently, as a shield for the court's lack of compliance.

{¶72} While reversal is warranted on this ground alone, the majority's holding that the continuance in this matter was properly denied also raises concerns. The majority finds that it was not an abuse of discretion to deny Spellman's request for a continuance because he did not "expressly" request a continuance, said "okay" when the magistrate stated the matter would proceed, and emphasizes that, although Spellman wanted a continuance to obtain counsel, pro se activity is "assumed and encouraged" in small claims cases. *Supra* at ¶ 42-48.

{¶73} These arguments fail to support a conclusion that the trial court's actions were not an abuse of discretion. It is evident from the transcript and record that Spellman intended to request a continuance, since he raised this issue at the beginning of trial and had filed a motion for continuance in a related proceeding against Kirchner in Chardon Municipal Court Case No. 2019 CVI 132, granted just the day before the trial in the present matter. The fact that he did not "expressly" request it by identifying it as such bears little weight; on one hand the majority emphasizes that pro se representation is "encouraged" in small claims proceedings but on the other hand refuses to recognize Spellman's clear intentions because he did not use specific language. The fact that Spellman said "okay" when the magistrate said the matter would proceed was not a concession of the issue but merely acceptance of an outcome which he could not control.

{¶74} Additionally, the majority's emphasis that pro se representation should be encouraged is not a convincing argument in light of the fact that Spellman sought to obtain counsel after Kirchner had done so. It makes little sense to emphasize this point

23

when it would place Spellman at a disadvantage, especially when the majority has made it clear that Spellman's lack of understanding of the legal process will be held against him.

{¶75} Further, many of the factors used to evaluate whether a court's discretion was lawfully exercised in refusing a continuance weigh in favor of Spellman, including that he had not requested other continuances, the delay was for a legitimate reason, and the continuance was sought as a result of Kirchner hiring counsel and not by Spellman's own actions or inactions. *See State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981).

{¶76} Since the circumstances present in this matter demonstrate that Spellman was not provided with a thorough and full review of his objections to the magistrate's decision, either through the court's initial entry adopting the decision or review of the motion for a new trial, reversal is necessary for the trial court to provide thorough analysis of the issues considered by the magistrate. Even if this were not the case, a finding of an abuse of discretion would be proper in this instance due to the denial of the continuance. For these reasons, I respectfully dissent.