[Cite as *In re B.B.*, 2020-Ohio-4007.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN RE:                         :

        B.B.                     :         CASE NO. CA2019-07-057

                              :

                            :         O P I N I O N
                                            8/10/2020

                            :

                            :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2012JH19976

Kroener Hale Law Firm, Christina M. Strasel, Jeffrey S. Hale, 101 N. Riverside Drive, Batavia, Ohio 45103, for appellant

Amanda Robinson, 2323 Kenlee Drive, Cincinnati, Ohio 45230, appellee, pro se

**S. POWELL, J.**

{¶ 1} Appellant ("Father") appeals from the decision of the Clermont County Court of Common Pleas, Juvenile Division, denying his motion for contempt against appellee ("Mother"), which represents the latest battle in the ongoing dispute between Father and Mother regarding the upbringing of their daughter, B.B. For the reasons outlined below, we

affirm the juvenile court's decision.

{¶ 2} Father and Mother are the parents of B.B., born on July 21, 2012. On August 21, 2018, the juvenile court issued an order addressing several motions Father and Mother filed regarding the custody and care of B.B. As part of that order, the juvenile court stated in paragraph 3(g):

> Each party shall provide to the other party the opportunity to have telephone communication with the minor child while she is in that parent's care. Said telephone communication shall take place no earlier than 10:00 A.M. and no later than 8:00 P.M. each day.

{¶ 3} On December 12, 2018, Father filed a motion for contempt against Mother alleging she had violated paragraph 3(g) of the juvenile court's August 21, 2018 order by refusing to allow B.B. to speak with him on the phone while the child was in Mother's care. The juvenile court held a hearing on Father's motion on June 19, 2019. Both Father and Mother testified at this hearing.

{¶ 4} On June 21, 2019, the juvenile court issued a decision denying Father's motion for contempt against Mother. As part of this decision, the juvenile court noted that this was a "unique" case given the fact that Father was complaining "of his lack of daily phone contact" with B.B. despite Father already having a "generous parenting time schedule" that provided him "in-person contact with the minor child" on 14 days within any given 28-day period.

{¶ 5} The juvenile court also noted Father's testimony acknowledging that he had recorded 55 telephone conversations between himself and B.B. since paragraph 3(g) came into effect on August 21, 2018, "and further testified that he had not recorded every phone conversation with her." The juvenile court further noted that the phone records submitted as evidence verified that there had been "several lengthy phone conversations between Father's phone number and the Mother's phone number."

- 2 -

{¶ 6} The juvenile court additionally noted that Mother had admitted to "blocking" Father's phone number on her phone on October 4, 2018 after Father "called her 16 times that day." However, even though Mother acknowledged that she had blocked Father's phone number on that day, the juvenile court noted that "the above-referenced phone records verify phone calls between the parties' phone numbers subsequent to that date."

{¶ 7} The juvenile court also noted that Mother had received a domestic violence civil protection order ("DVCPO") against Father that was issued "primarily, if not exclusively, due to the Father's telephone harassment of the Mother." There is no dispute that the DVCPO, which was effective through December 29, 2019, precluded Father from calling Mother in "non-emergency situations."

{¶ 8} The juvenile court then set forth its holding denying Father's motion for contempt as follows:

> The Court therefore determines that the Father has failed to establish, by clear and convincing evidence, that the Mother willfully, and without just cause, failed to comply with an Order of this Court. She has in fact substantially complied with the provision of this Court's Order regarding telephone communications between the Father and the minor child, despite the [DVCPO] protections against the Father from telephone harassment.

{¶ 9} After denying Father's motion for contempt, the juvenile court then continued and sua sponte modified its August 21, 2018 order by deleting the requirements set forth in paragraph 3(g), "thereby relieving each party of the obligation to provide the other party to have telephone communication with the other party." The juvenile court explained its decision to remove paragraph 3(g) was "in the best interest of the minor child to minimize the opportunity for conflict and acrimony between the parties." As noted by the juvenile court, this was because:

> [T]he Court has serious concerns about the feasibility of requiring the parties to have potentially daily telephone contact.

- 3 -

The minor child is already 6 years old; lengthy meaningful telephone conversations are unlikely on a daily basis. At the same time, the minor child is mature enough to let either party know when and if she wants to telephone the other party. The parties both testified that there is considerable conflict and argument when they are on the phone together; this is taking place in the presence of the minor child.

{¶ 10} Continuing, the juvenile court stated:

[T]he Court must again observe that the Father's conduct and behavior by telephone has resulted in a [DVCPO] which has been in effect since 2014 and remains in effect until the end of 2019. Eliminating the obligation of the Mother to provide the opportunity for the Father to have telephone contact will also leave the provisions of the [DVCPO] undisturbed, to-wit; the Father cannot telephone the Mother in non-emergency situations.

{¶ 11} Father now appeals from the juvenile court's decision, raising two assignments of error for review.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S MOTION FOR CONTEMPT.

{¶ 14} In his first assignment of error, Father argues the juvenile court erred by denying his motion for contempt against Mother. We disagree.

{¶ 15} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To that end, "[a] court may find a party in contempt where that party fails to comply with a lawful judgment or court order." *Poynter v. Pabst*, 12th Dist. Butler No. CA2013-03-032, 2013-Ohio-5671, ¶ 10. "To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order." *In re T.D.A.J.*, 12th Dist. Butler No. CA2015-04-075, 2015-Ohio-4919, ¶ 22, citing *Hetterick v. Hetterick*, 12th Dist.

Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35.  "Once the movant establishes this prima facie case of contempt, the burden then shifts to the contemnor to prove his [or her] inability to comply with the court order."  *In re A.A.J.*, 12th Dist. Warren No. CA2014-10-130, 2015-Ohio-2222, ¶ 13, citing *Dewsnap v. Dewsnap*, 12th Dist. Clermont No. CA2007-09-094, 2008-Ohio-4433.  This inability, however, "cannot be self-imposed, fraudulent, or due to an intentional evasion of the order."  *In re J.M.*, 12th Dist. Warren No. CA2008-01-004, 2008-Ohio-6763, ¶ 50.

{¶ 16} This court will not reverse a juvenile court's ruling on a motion for contempt absent an abuse of discretion.  *In re A.A.J.*, 12th Dist. Warren No. CA2014-10-130, 2015-Ohio-2222, ¶ 14.  An abuse of discretion implies that the juvenile court's attitude was unreasonable, arbitrary, or unconscionable.  *In re A.F.*, 12th Dist. Butler No. CA2019-01-005, 2019-Ohio-4627, ¶ 19, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "A decision is unreasonable where it is not supported by a sound reasoning process."  *Colosseo USA, Inc. v. Univ. of Cincinnati*, 1st Dist. Hamilton No. C-180223, 2019-Ohio-2026, ¶ 16, citing *Waldman v. Pitcher*, 1st Dist. Hamilton Nos. C-150462 and C-150501, 2016-Ohio-5909, ¶ 17.  Therefore, because this court "must not substitute its judgment for that of the juvenile court when applying the abuse of discretion standard," *In re J.W.*, 12th Dist. Butler No. CA2019-07-108, 2020-Ohio-322, ¶ 23, a juvenile court's decision does not constitute an abuse of discretion "if it is supported by a discernible rational basis."  *Spellman v. Kirchner*, 11th Dist. Geauga No. 2019-G-0218, 2020-Ohio-3240, ¶ 49.

{¶ 17} Father argues that it was improper for the juvenile court to deny his motion for contempt upon finding Mother had "substantially complied" with the requirements set forth in paragraph 3(g) of the juvenile court's August 21, 2018 order.  Father supports this claim by noting Mother's testimony wherein she readily admitted to blocking his phone number on October 4, 2018.  This, according to Father, effectively denied him the "opportunity to

have telephone contact with [B.B.] while [she] was in her Mother's care in direct violation of the order."

{¶ 18} However, as the record indicates, Mother blocked Father's phone number only after Father attempted to call her 16 times that day. Given the fact that Mother had already received a DVCPO against Father that was issued "primarily, if not exclusively, due to the Father's telephone harassment of the Mother," we find no abuse of discretion in the juvenile court's decision to deny Father's motion for contempt. Mother should not be subject to further harassment by Father, nor should Mother be found in contempt, simply because Father had a pretextual excuse for calling Mother's phone when B.B. was in her care. Therefore, because the juvenile court's decision to deny Father's motion for contempt was not an abuse of discretion in that it was not unreasonable, arbitrary, or unconscionable, Father's first assignment of error lacks merit and is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING SUA SPONTE THE DELETION OF PARAGRAPH 3(G) FROM THE COURT'S AUGUST 21, 2018 ORDER.

{¶ 21} In his second assignment of error, Father argues the juvenile court erred by sua sponte removing paragraph 3(g) from its August 21, 2018 order, thereby denying him any telephone contact with B.B. when the child was in Mother's care. This is because, according to Father, (1) he was "not placed on notice" that that paragraph could be deleted from the juvenile court's order since neither he nor Mother requested its deletion, and (2) he was not given the opportunity to present evidence to prove the "necessity of that order for his ongoing communication with [B.B.]" given the conflict between the parties. We disagree.

{¶ 22} While it may be true that neither Father nor Mother requested the removal of

- 6 -

paragraph 3(g) from the trial court's August 21, 2018 order, the juvenile court retained continuing jurisdiction over the allocation of parental rights and responsibilities, as well as the enforcement or modification thereof, in determining what was in B.B.'s best interest. *See In re Z.N.T.*, 12th Dist. Clermont No. CA2018-05-035, 2019-Ohio-915, ¶ 35. The juvenile court was in fact duty bound to act in B.B.'s best interest. *See generally Kelm v. Kelm*, 92 Ohio St.3d 223, 226 (2001) ("[w]ith respect to matters of custody and visitation, the central focus is not, as appellant suggests, the rights of the parents but is, rather, the best interests of the children"); *Cross v. Cross*, 12th Dist. Preble No. CA2008-07-015, 2009-Ohio-1309, ¶ 9 ("[o]f paramount concern, in any custody decision, is the requirement that the trial court's judgment be made in the best interest of the child"); *see also Thornton v. Thornton*, 70 Ohio App. 3d 317, 320 (3d Dist.1990) ("[t]he paramount consideration in all events is the child's best interest"); and *In re J.W.*, 12th Dist. Butler No. CA2019-07-108, 2020-Ohio-322, ¶ 24 (a child's "best interest is the paramount concern for both the juvenile court and this court on appeal").

{¶ 23} Acting in conformance with this duty, and in exercising its continuing jurisdiction, the juvenile court determined that it was in B.B.'s best interest "to minimize the opportunity for conflict and acrimony between the parties," while at the same time leaving the provisions of the DVCPO "undisturbed," by prohibiting Father from having any telephone contact with Mother in "non-emergency situations." The juvenile court found this was necessary given the fact that "there is considerable conflict and argument when [Father and Mother] are on the phone together; this is taking place in the presence of the minor child." After a thorough review of the record, we agree with the juvenile court's decision as it allows both Mother and Father to bond with B.B. without being needlessly interrupted by the other parent during their respective parenting time. Therefore, because the juvenile court did not err by finding it was in B.B.'s best interest to remove paragraph 3(g) from its August 21,

2018 order, Father's second assignment of error also lacks merit and is overruled.

{¶ 24} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.