[Cite as *Bonifield v. Bonifield*, 2021-Ohio-95.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CHRISTOPHER BONIFIELD, | : | |
| Appellee, | : | CASE NO . CA2020-02-022 |
| | : | O P I N I O N |
| - vs - | | 1/19/2021 |
| | : | |
| KRISTEN BONIFIELD, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 2018 01 0035

Frank J. Schianove, IV, 9078 Union Centre, Suite 240, West Chester, Ohio 45069, for appellee

Joseph A. Cesta, 1160 E. Main Street, P.O. Box 36, Lebanon, Ohio 45036, for appellee

Hochwalt & Schiff, LLC, Thomas R. Schiff, 500 Lincoln Park Blvd., Suite 216, Kettering, Ohio 45429, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Kristen Bonifield ("Mother"), appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, allocating parenting time and designating appellee, Christopher Bonifield ("Father"), as their child's residential parent for

school purposes.  For the reasons outlined below, we affirm.

{¶ 2}   Mother and Father were married on November 6, 2010.  There was one child born issue of the marriage, a boy, born on April 8, 2013.  The child has been diagnosed with high risk Pre-B Cell Acute Lymphoblastic Leukemia.  This diagnosis requires the child to have regular blood draws, injections, lumbar puncture intravenous chemotherapy, several prescription medications, and numerous doctor appointments.  Father is employed at a local retail warehouse working second shift Monday through Thursday, 4:00 p.m. to 2:30 a.m.  Mother works as a dog groomer at a pet grooming salon approximately 20 to 30 hours per week.  Father resides next door to his parents who help take care of the child when Father is at work.  Mother would like to homeschool the child throughout her workday by bringing the child with her to work.  Father prefers the child be enrolled in public school within the school district where Father resides.

{¶ 3}   On January 19, 2018, Father filed for divorce from Mother.  A guardian ad litem was then appointed for the child.  After several other ancillary matters unrelated to this appeal were resolved, the matter ultimately proceeded to a three-day final contested divorce hearing.  During this hearing, both Mother and Father testified.  Following this hearing, the parties submitted a number of joint stipulations into the record.  As part of these joint stipulations, the parties agreed that shared parenting was in the child's best interest.  This left unresolved only Mother's and Father's parental rights and responsibilities as it relates to: (1) their allotted parenting time, and (2) who would be designated as the child's residential parent for school purposes.  There is no dispute that these are the only two issues subject of this appeal.

{¶ 4}   On October 17, 2019, the domestic relations court issued a decision allocating Mother and Father with nearly equal parenting time on an alternating weekly basis.  There is no dispute that the parenting time schedule the domestic relations court put into place is

the same approximate parenting time schedule that Father requested as part of his proposed shared parenting plan. There is also no dispute that the guardian ad litem recommended a parenting time schedule that provided Mother and Father with equal parenting time similar to what the domestic relations court ultimately put into place.

{¶ 5} The domestic relations court's decision designated Father as the child's residential parent for school purposes. In so holding, the domestic relations court noted that Father was concerned by Mother's plan to bring the child with her to work in order to homeschool the child throughout her workday. The domestic relations court also noted that Father was concerned about the difficulty that Mother would likely face while at work in providing the proper care and attention the child required. The domestic relations court further noted Father's belief that Mother's place of employment – a dog grooming salon – was not "the most sanitary environment" that could "further compromise" the child's already fragile health.

{¶ 6} The domestic relations court additionally noted in regard to Mother and her desire to homeschool the child:

> [Mother] has always believed that home schooling for their minor child would be best. She believed the parties always agreed [the child] would be home schooled. She maintains that home schooling is 'better' for children than public school. She believes strongly that she can provide the necessary skills to make sure [the child] thrives academically. [Mother] lacks formal training and education but maintains that neither are necessary.

The record indicates that these were the same concerns expressed by the child's guardian ad litem as part of the guardian ad litem's report and recommendation. Mother now appeals the domestic relations court's decision, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF

- 3 -

THE EVIDENCE AND AN ABUSE OF DISCRETION AS IT RELATES TO THE ISSUE OF PARENTING TIME.

{¶ 9} In her first assignment of error, Mother argues the domestic relations court erred in the allocation of the parties' parenting time schedules. We disagree.

{¶ 10} "R.C. 3109.04 governs the award of parental rights and responsibilities." *Whitaker v. Whitaker*, 12th Dist. Fayette Nos. CA2019-05-008 and CA2019-05-009, 2020-Ohio-2774, ¶ 16. This includes the allocation of parenting time. *Id.* at ¶ 19. The primary concern is the best interest of the child in making this determination. *Albrecht v. Albrecht*, 12th Dist. Butler Nos. CA2014-12-240 and CA2014-12-245, 2015-Ohio-4916, ¶ 22. In order to determine the best interest of a child, the domestic relations court must consider all relevant factors set forth in R.C. 3109.04(F)(1). *Bristow v. Bristow*, 12th Dist. Butler No. CA2009-05-139, 2010-Ohio-3469, ¶ 8. These factors include, but are not limited to, (1) the wishes of the child's parents regarding the child's care, (2) the wishes and concerns of the child, (3) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest, (4) the mental and physical health of all persons involved, and (5) the child's adjustment to the child's home, school, and community. R.C. 3109.04(F)(1)(a) thru (e).

{¶ 11} The domestic relations court's "determination regarding its best interest finding will not be reversed absent an abuse of discretion." *Leach v. Leach*, 12th Dist. Butler No. CA2019-06-092, 2020-Ohio-1181, ¶ 10. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[T]he vast majority of cases in which an abuse of discretion is asserted involve claims that the decision is unreasonable." *Effective Shareholder Solutions v. Natl. City Bank*, 1st Dist. Hamilton Nos. C-080451 and C-090117, 2009-Ohio-6200, ¶ 9. A decision is unreasonable where it is not supported by a sound reasoning

- 4 -

process. *In re B.B.*, 12th Dist. Clermont No. CA2019-07-057, 2020-Ohio-4007, ¶ 22.

{¶ 12} Relying heavily on her own testimony as to what she believes would be in the child's best interest, Mother argues the domestic relations court erred in how it allocated the parties' respective parenting time schedules. This includes, for instance, Mother's testimony that she was the child's primary caregiver and was more knowledgeable of the child's medical treatment and specialized needs than Father. However, after a thorough review of the record, it is clear that Mother's argument is nothing more than a challenge to the weight that the domestic relations court gave to each of the best interest factors set forth in R.C. 3109.04(F)(1). But, as this court has stated previously, it is the role of the domestic relations court, not this court, to determine the relative weight to assign to each factor when determining the child's best interest. *See Mack v. Mack*, 12th Dist. Butler No. CA2018-09-179, 2019-Ohio-2379, ¶ 33.

{¶ 13} This court should not, and will not, second-guess the domestic relations court's decision as to the appropriate weight to be given to any one of those best interest factors. *In re A.B.*, 12th Dist. Butler No. CA2009-10-257, 2010-Ohio-2823, ¶ 35. The same is true as it relates to the domestic relations court's decision regarding Mother's credibility. *See, e.g., Albert v. Albert*, 2d Dist. Montgomery No. 24000, 2010-Ohio-6112, ¶ 32 ("[w]e defer to the trial court's determinations of the parties' credibility and of the appropriate weight to be given to the statutory factors"). This is because "it is well-established that a trial court, particularly a domestic relations court, is in the best position to resolve disputes of fact, and assess the 'credibility of witnesses' and the weight to be given to their testimony." *Bates v. Bates*, 10th Dist. Franklin No. 04AP-137, 2005-Ohio-3374, ¶ 38.

{¶ 14} The domestic relations court, after hearing testimony from both Mother and Father, and upon reviewing the guardian ad litem's report and recommendation, determined that granting Mother and Father a nearly equal parenting time schedule was in the child's

best interest. Despite Mother's claims, we find nothing about the domestic relation court's decision to be unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. The domestic relations court's decision was also not against the manifest weight of the evidence. This holds true no matter how stringently Mother opposes the domestic relations court's decision, nor how strongly Mother believes she should be given more parenting time with the child than Father. It is the child's best interest and not the parent's wishes that is controlling. *See Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 44 ("a parent's wishes should [not] be placed before a child's best interest"). Therefore, finding no merit to any of the arguments advanced by Mother herein, Mother's first assignment of error lacks merit and is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE DESIGNATION OF FATHER AS THE RESIDENTIAL PARENT FOR SCHOOL PURPOSES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.

{¶ 17} In her second assignment of error, Mother argues the domestic relations court erred by designating Father as the child's residential parent for school purposes. We disagree.

{¶ 18} The domestic relations court's primary concern is the best interest of the child when determining which parent should be designated as that child's residential parent for school purposes. *Payson v. Hennessey*, 12th Dist. Warren Nos. CA2017-03-030 and CA2017-03-036, 2018-Ohio-2437, ¶ 23. In making this determination, the domestic relations court must consider the best interest factors set forth in R.C. 3109.04(F)(1). *Beucler v. Beucler*, 12th Dist. Brown No. CA2014-05-009, 2015-Ohio-1084, ¶ 19. As noted above, these factors include, but are not limited to, (1) the wishes of the child's parents regarding the child's care, (2) the wishes and concerns of the child, (3) the child's interaction

and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest, (4) the mental and physical health of all persons involved, and (5) the child's adjustment to the child's home, school, and community. R.C. 3109.04(F)(1)(a) thru (e).

{¶ 19} The domestic relations court's decision to designate one parent as the child's residential parent for school purposes over the other will not be reversed absent an abuse of discretion. *Leach*, 2020-Ohio-1181 at ¶ 10; *Allen v. Allen*, 12th Dist. Warren No. CA2010-11-107, 2011-Ohio-1478, ¶ 11 ("we find the trial court did not abuse its discretion in designating Father as the residential parent for school enrollment purposes"). As stated previously, this requires the domestic relations court's decision to be unreasonable, arbitrary, or unconscionable. *Fee v. Fee*, 12th Dist. Butler No. CA2002-11-274, 2003-Ohio-6781, ¶ 22. A decision is unreasonable where it is not supported by a sound reasoning process. *In re B.B.*, 2020-Ohio-4007 at ¶ 22.

{¶ 20} As noted above, Mother believes it is in the child's best interest for her to homeschool the child. Father disagrees and believes it is in the child's best interest to attend public school in the school district where he resides. The domestic relations court agreed with Father. The domestic relations court's decision was not an abuse of discretion nor was it against the manifest weight of the evidence.

{¶ 21} As the record indicates, the domestic relations court's decision to designate Father as the child's residential parent for school purposes will allow the child to attend public school in a school district that provides a safe and quiet environment for the child to learn and grow. We find no error in the domestic relations court's decision when considering the alternative was for Mother to homeschool the child at Mother's workplace – a dog grooming salon – during Mother's workday. This is particularly true here when considering the child's already fragile health, as well as the concerns expressed by the guardian ad

litem in regard to Mother's ability to effectively homeschool the child given her lack of formal training. The domestic relations court, just as this court on appeal, must act in a way that places the child's best interest above all else. *Mack*, 2019-Ohio-2379 at ¶ 36. Based on the record properly before this court, the domestic relations court's decision does just that. Therefore, finding no merit to any of the arguments raised herein, Mother's second assignment of error also lacks merit and is overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.